THE BOARD OF COMMISSIONERS OF BIBB COUNTY *et al. vs.*
HARRIS.

The board of commissioners of Bibb county cannot exercise any
greater power or authority as to opening private ways over private
lands than is granted generally to the ordinaries of the state; and
they have no power to grant private ways to individuals except to
go from and return to their farms and residences.  The grant of a
private way to a brick-yard is unauthorized.

(a.) Before the right of eminent domain can be exercised by ordina-
ries or county commissioners, it must be clearly conferred by
legislative enactment.

(b.) The constitutional provision that in cases of necessity private
ways may be granted, upon just compensation being first paid by
the applicant, was not intended to confer upon ordinaries or county
commissioners power to grant private ways; nor did this provision
confer power upon the legislature; but its object was to restrict the
legislature in its grants of power to ordinaries and county commis-
sioners to cases of necessity and upon just compensation.

October 23, 1883.

Roads and Bridges.  County matters.  Constitutional
Law.  Eminent domain.  Before Judge SIMMONS.  Bibb
Superior Court, April Term, 1883.

Sparks & Solomon petitioned the county board of com-
missioners of Bibb county to grant them a private way
over the lands of Peter Harris to their brick-yard.  Harris
objected, but the objections were overruled, and the way
granted.  He carried the case to the superior court by
*certiorari*, assigning as error, among other things, that the
board of commissioners had no jurisdiction to grant such
a way, and that no such necessity existed as the constitu-
tion contemplated.  The *certiorari* was sustained, and the
judgment below was reversed.  Defendants in *certiorari*
excepted.

W. DESSAU; BACON & RUTHERFORD, for plaintiffs in
error.

L. N. WHITTLE; G. W. GUSTIN, for defendant.

BLANDFORD, Justice.

The question here is as to the power and authority of the county board of commissioners of Bibb county to open a private way over the lands of one man to go to the brick-yard of another man, and for his benefit.

The constitution of this state provides, " In cases of necessity, private ways may be granted upon just compensation being first paid by the applicant." Code, §5024.

By the act of 1873, 220, the county board of commissioners of Bibb county is clothed with exclusive jurisdiction in " establishing  *  *  all roads  *  *  in conformity to law." So that, whether this board of commissioners can establish this private way over the lands of Harris to the brick-yard of Sparks & Solomon for their benefit, will depend upon whether the same is in conformity to law. Code, §720, provides, " The ordinaries have authority to grant private ways to individuals to go to and return from their farms and places of residence." Concede that the county board of commissioners of Bibb county is invested with the power and authority vested in the ordinaries by this section, the question is, can the Bibb commissioners exercise any greater power or authority than is granted generally to the ordinaries of this state ? It will be admitted that they cannot, and we do not find that, on the subject of private ways, the same can be granted to individuals, except to go from and return to their farms and residences. The application by Sparks & Solomon was for a private way over the lands of Harris to go to and return from their brick-yard. No power or authority is vested in the ordinaries of this state to grant a private way to individuals for such purpose, and the board of commissioners of Bibb county has no more power or authority than the ordinaries. This is the exercise of the right of eminent domain, and before the same can be exercised by ordinaries or commissioners, it must be clearly conferred by legislative enactment.

The constitutional provision, that in cases of necessity private ways may be granted upon just compensation, did not intend to confer upon ordinaries or county commissioners power to grant private ways, but it intended to restrict the legislature in its grants to ordinaries and county commissioners to cases of necessity, and upon just compensation. This clause of the constitution conferred no power upon the legislature; the right of eminent domain resides in the state; the power to exercise this right is in the legislature, as representing the sovereignty of the state, and was when the constitution was adopted, and the constitution merely intended to restrict the exercise of this right to "cases of necessity upon just compensation being first paid." The circumstances under which this right of eminent domain is to be exercised are left entirely to the discretion of the legislature where a necessity exists, and upon just compensation. And it is entirely within the discretion of the legislature to grant this power to ordinaries, county boards of commissioners, corporations and others, upon such terms and under such circumstances as the legislature may determine, provided always, that a "necessity must exist" for the exercise of this power, and "upon just compensation." And as the judgment of the court below was in accordance with these views, the same is affirmed.

Judgment affirmed.