THE NORMANDALE LUMBER COMPANY *v.* KNIGHT.

Under the constitution of this State, land can be taken for private ways only in " cases of necessity." The evidence failing to show that the present case is one of necessity, the superior court did not err in sustaining the *certiorari* and reversing the judgment of the ordinary.                    *Judgment affirmed.*

March 26, 1892. Argued at the last term.

Private ways. Constitutional law. Before Judge ROBERTS. Dodge superior court. February adjourned term, 1891.

The ordinary of Dodge county granted an application of the lumber company for the construction of a tramway over certain lands (see Acts 1887, p. 103), and upon *certiorari* his decision was overruled, to which the lumber company excepted. The petition of the lumber company, filed on May 12, 1890, alleged that it desired to construct a tramway to connect with the Normandale & Ocmulgee river railway, for transporting lumber, naval stores and timber, over lot of land 73 in the 14th district of Dodge county, not to exceed in width fifteen feet; that the proposed line was to start from the main line of the Normandale & Ocmulgee river railway from a certain lot, then running through that lot westerly through another lot and striking the lot in question going through it half way on the northeast and southwest line coming out at or near northeast corner of opposite line on another lot (78), and (some word undecipherable by the reporter) on lot 175 in said district; that the whole of said branch of said railway would not exceed five miles in length; and that one Cannington is in possession of the land, and J. N. Evans and Lewis Knight each claim to be the owner. Written notice of the application was issued to each of the three claimants, and they were served. On the day appointed for a hearing Knight demurred to the application for insuf-

ficiency in law; because it did not admit title to the lot
in him; and because it did not show *terminns* of the
tramway. He also filed objections to the appointment
of appraisers and laying off of the road through lot 73,
upon the ground that applicants could have such way
over their own land, and there was no "necessity for
such," and that said right of way did not connect with
any railway in the State but with other tramways. He
also prayed that a warrant issue directing the sheriff to
summon a jury to try the question of damages. It ap-
pears from the judgment of the ordinary that the ground
of demurrer as to the necessity of showing the *termini*
of the tramway was remedied by amendment of the
application, without objection. In addition to granting
the application and appointing commissioners to lay out
the right of way, the ordinary, at the instance of Knight,
ordered the issuing of the warrant for summoning a
jury to try the question of damages. The evidence be-
fore the ordinary was, in brief: The manager of the
lumber company testified that that company had built
a railroad from Normandale on the E. T., Va. & Ga. R. R.
to a point on the Ocmulgee river; that said railroad
was standard gauge and used to transport lumber and
naval stores from the woods to the company's mill and
still at Normandale, also to transport lumber to the
river, and in carrying freight and passengers along the
line; that said company desired to build a tramway
about five miles long, to commence at said railroad on
lot 44, running thence to lot 175, where it would termi-
nate, but at what particular place or site on lot 175 he
did not know and had not determined; that they wanted
the tramway to haul timber over to their mill at Nor-
mandale; that it was necessary for the tramway to go
through lot 73, because it would go through the center
of the applicant's land in that vicinity; that they could
build the tramway from the point of starting to said

terminal point over their own land, but it would be more expensive; and that a man named Cannington was in possession of the lot, and it was claimed by petitioner and Evans also. The errors alleged in the petition for *certiorari* were, that the ordinary erred in overruling the demurrer and in granting the application and appointing appraisers.

DeLacy & Bishop, for plaintiff in error.

Smith & Clements, *contra*.

---

KERCHNER & CALDER BROTHERS *v.* FRAZIER & BROTHER.

1. Where the movant for a new trial makes out a brief of evidence in due time and presents it for approval, and it is not approved until the next term of the court solely because the presiding judge fails sooner to satisfy himself of its correctness, the delay is the act of the court and not of the party; consequently such delay is no ground for dismissing the motion for a new trial.
2. There was no abuse of discretion in granting a first new trial.

March 26, 1892.  Argued at the last term.          *Judgment affirmed.*

New trial. Practice. Before Judge ROBERTS. Dodge superior court. February adjourned term, 1891.

A *fi. fa.* was levied, and a claim interposed. There was a verdict finding the property subject. The claimants moved for a new trial. By virtue of previous orders this motion was set down to be heard on January 5, 1891, but was not heard then, nor was the brief of evidence agreed upon or approved, as was required by previous orders setting the motion for hearing at that time, nor was the brief of evidence agreed upon or approved until the February adjourned term, held on May 9, 1891. Plaintiffs moved to dismiss the motion because there was no order of the court nor consent continuing the motion or setting the same for May 9, 1891, but the court overruled the motion to dismiss, holding that on February 17, 1890, when the grounds of the motion

v 89-8