## GARBUTT LUMBER COMPANY· v. GEORGIA AND ALABAMA RAILWAY.

1. A partnership which is the owner of a sawmill, and which in connection with the business thus carried on has constructed a railroad to be used solely for the purpose of facilitating the operations of the sawmill business, is not engaged in any business in which the public is interested. A railroad owned by such a partnership, and operated in such a way, is in no sense property used for public purposes.

2. Sections 4657 et seq. of the Civil Code provide a method to be followed when private property is taken or damaged for *public purposes*, and the procedure therein prescribed can not be adopted when the property is sought to be taken for a purely private purpose.

3. Even if the act of November 22, 1899 (Acts 1899, p. 31), which authorizes a person or company owning or operating a private railroad in this State to cross any other railroad, be construed to authorize the taking of private property for that purpose, and when so construed is a valid and constitutional law, there is no law of force in this State which provides a method for fixing the compensation to be paid the owner of the railroad sought to be crossed, when the right to cross is refused.

4. The proceedings to condemn in the present case do not purport to be instituted under the provisions of section 658 et seq. of the Political Code, but upon their face show an effort to condemn in a manner not authorized by those sections.

Argued July 26, — Decided August 8, 1900.

Injunction.     Before Judge Smith.     Wilcox superior court.
June 22, 1900.

*Cutts & Lawson*, for plaintiff in error.
*Mackall & Anderson*, contra.

COBB, J.     The Georgia and Alabama Railway, a corporation, brought its petition against the Garbutt Lumber Company, a partnership, in which it alleged that the defendant was seeking to condemn a right of way for a tramroad across the track of the plaintiff at a designated point.     It was alleged that the defendant was seeking to condemn, not for any public, but for a purely private purpose, and that there was no law of Georgia by which the defendant could exercise the right to take or damage the property of the plaintiff for that purpose.     Attached to the petition as an exhibit was a notice to the plaintiff, signed by the defendant, that, in pursuance of the provisions of law contained in the Civil Code, §§ 4657 et seq., it desired to condemn a right of way for its tramroad across the track of the

plaintiff at a described point, such right of way to be ten feet each way from the center of the tramroad of the defendant; and requesting the plaintiff to appoint an assessor to act with one selected by the defendant and named in the notice. The prayer of the petition was, that the plaintiff be enjoined from undertaking to condemn any right of way at all across the tracks of the plaintiff. The defendant filed an answer, in which it set up that it owned and operated a private railroad, and was engaged in the business of cutting and sawing for market pine lumber, that it owned timber on both sides of the railway of the plaintiff, and that in order to carry its timber to its mill it was necessary to cross the plaintiff's track.· The defendant further alleged that it desired to connect its sawmill by means of a tramroad with the Ocmulgee river, for the purpose of transporting lumber and timber by means of the same, which is a waterway much used for the purpose of transporting lumber, naval stores, and timber to market and sawmills. In order to reach the Ocmulgee river it is necessary for the tramroad to cross the plaintiff's right of way; the sawmill of the defendant being on one side of the railway and the river on the other. On the hearing the judge granted the injunction prayed for, and this ruling is assigned as error.

1. One who owns a sawmill and is engaged in preparing lumber for market is engaged in a business in which the public is in no way interested, and a business which from its very nature is a purely private enterprise and necessarily entered into for the purpose of private pecuniary gain. *Loughbridge* v. *Harris*, 42 *Ga.* 500. The fact that a railway is necessary in order to make the enterprise successful does not change the business from one of a private nature to one in which the public is interested. The defendant admits in its answer that its railroad is a private one. It is not pretended that it was constructed for the use of the public, nor that it is used or to be used in hauling for the public. It came into existence simply as an incident to the private business of the owner, and has been, and is, to be operated as such. The answer of the defendant, when construed in the most favorable light for it, can not be held to establish that its sawmill was erected, or its railroad constructed or maintained and operated for any other purpose than that of

private gain.   Not one thing appears in the record which would authorize an inference that the defendant's sawmill or railroad business should be classified as one in which the public is interested.

2.   The method of condemnation of property and assessment of damages to be followed in all cases where corporations or persons are authorized to take or damage private property for public purposes, except where such property is taken for the purpose of laying out public roads or private ways, is prescribed in the Civil Code, §§ 4657 et seq.   The provisions of law just referred to do not contain any grant of power to any corporation or person to exercise the right of eminent domain, but simply provide how property may be condemned, and the damages assessed when the right to do so is derived from any lawful statute.   The method thus provided is limited in terms to cases where authority is given to take or damage private property for *public purposes.*   As the defendant in the present case is not a person or corporation authorized to take or damage private property for public purposes, the method provided in these sections is not at all applicable and can not be used in any way whatever, as the business in which the defendant is engaged is not devoted to a public purpose.   This was a sufficient reason to enjoin the condemnation proceedings sought to be instituted by the defendant.

3.   Section 2219 of the Civil Code, as amended by the act of November 22, 1899, reads as follows: "Any railroad company heretofore or hereafter chartered by the legislature of this State, and also, any person or persons or company owning or operating a public or private railroad in this State, when necessary to reach minerals, timber, or other materials, shall have the right to cross any other railroads heretofore or hereafter built or to be built in this State, upon the following terms: they shall be allowed to cross at grade points, or at any other point where the same shall not obstruct the other road, and may be allowed to cross by a tunnel or bridge, if necessary, said tunnel or bridge being absolutely secure."   Acts 1899, p. 31.   The defendant claims that it has authority to exercise the right of eminent domain under the provisions of the act just quoted, which declares that a private railroad in this State, when nec-

essary to reach minerals, timber, or other materials, shall have
the right to cross other railroads. Even if the General As-
sembly has power to grant to a private railroad the right to
take or damage the private property of another for such a pur-
pose, and even if the section of the code as amended, properly
construed, should be held to confer such power, in order to
make the grant effective there must be some method provided
by law for assessing the damages to be paid to the owner of
property thus taken; for the General Assembly certainly has
no power to authorize the taking of private property, for either
a private or a public purpose, without adequate compensation
being first paid therefor. This method may be found either
in the act conferring the authority to exercise the right of em-
inent domain, or in general laws which by their terms will be
applicable to such cases. Neither the act of 1899 nor the sec-
tion of the code of which it was amendatory provides any
method whatever for assessing damages to the owner. The
only general law on the subject of fixing the compensation of
the owner of property which is lawfully taken is found in sec-
tions 4657 et seq., above referred to, and sections 557 et
seq. of the Political Code, which provide the method of fix-
ing the compensation of the owner of property taken for a
public road or a private way. As has been shown, the
method prescribed in Civil Code, §§ 4657 et seq., is not avail-
able to the defendant. Of course, the provisions of law with
reference to the establishment of public roads have no ap-
plication; and while the constitution provides that in cases of
necessity private ways may be granted upon just compensation
being first paid by the applicant (Civil Code, § 5729), the de-
fendant does not claim the right to condemn for a private way,
and the General Assembly has expressly limited the purposes
for which private ways may be granted to such ways as may
be necessary for individuals to go from and return to their
farms or places of residence. Political Code, § 661. *Board of
Commissioners* v. *Harris,* 71 *Ga.* 250. Treating the act of 1899
as legislative authority to the defendant to condemn for the
purpose desired, and conceding, for the purposes of the present
case, that the General Assembly can constitutionally grant such
authority, the act is inoperative until the General Assembly

shall provide the method to be followed when the owner of property sought to be condemned refuses to permit his property to be taken.

4. The defendant contended that it had a right to condemn a right of way across the tracks of the plaintiff under the provisions of the Political Code, §§ 658 et seq. The sections just cited provide that any person or corporation desiring to build a tramroad to connect with a waterway, for the purpose of transporting lumber, naval stores, and timber by means of the same, may make application in writing to the county authorities of the county in which the tramroad is to be located; and after such application is filed the proceedings thereafter shall be the same as provided in the code for condemning property, except that the strip of land to be used for such purpose shall not exceed fifteen feet in width. There is nothing in the notice served upon the plaintiff in the present case to indicate that the defendant intended to proceed under the law just referred to. On the contrary, it is apparent from the notice that the defendant had no such intention, for the simple reason that the law just referred to limited the strip of land authorized to be taken to fifteen feet, and the notice in the present case distinctly provided for condemnation of a strip of twenty feet.

*Judgment affirmed. All the Justices concurring.*