## CHATTANOOGA, ROME AND SOUTHERN RAILROAD COMPANY *v.* PHILPOT *et al.*

|112 153|
|118 704|
|112 153|
|e120 372|
|112 153|
|122 807|

" Cases of necessity," contemplated in that provision of the constitution which declares that " in cases of necessity " private ways may be granted upon just compensation being first paid, do not arise except where the way sought to be laid out is absolutely indispensable to the applicant as a means of reaching his property. If there is in existence a way suitable for all the purposes for which the property is to be used, a case of necessity does not arise, even though such way may be less convenient than the one proposed.

Argued October 6,—Decided October 31, 1900.

Certiorari. Before Judge Janes. Polk superior court. February term, 1900.

*Fielder & Mundy* and *Alex. C. King*, for plaintiff in error.
*Sanders & Davis*, contra.

Cobb, J. An application was brought for the purpose of condemning land for a private way, under the provisions of the Political Code, §§ 661 et seq. The way which the petitioners prayed might be granted to them extended across the track and right of way of a railroad company, as well as across the lands of private individuals. In response to the notice served upon the owners of the property sought to be condemned, the railroad company appeared and interposed objections to the granting of the application; one of the objections being that there was not such a necessity for the proposed private way as was contemplated by law. At the hearing it appeared that the petitioners had access to their farms and places of residence by means of a private way partly across the right of way of the railroad company and partly over the land of the person from whom the petitioners had purchased, though it was shown that the distance was somewhat longer by this route than by the proposed private way, which if laid out would be more convenient than the present method of reaching the homes of the applicants. The individual owning the land over which the private way was located testified that he did not desire the way to be a permanent one, but there was no evidence of a present intention on his part to attempt to abolish the same or in any way to interfere with its use. There was no evidence that the railroad company had attempted to abolish the private way over its right of way, or that it

had in any manner interfered with its use by the petitioners. Taking the evidence as a whole, it showed that the proposed private way would be very greatly to the convenience of the petitioners, but at the same time it established with equal clearness that they were entitled to the use of a private way which was entirely sufficient for the purpose of access to their property, and that no one was disturbing them in such use.

The compulsory taking of the property of one individual and applying it to the private uses of another individual is a proceeding so unusual, and ordinarily so unjust and contrary to the principles upon which our institutions are based, that any law authorizing it must be closely scrutinized, strictly construed, and sparingly enforced. The constitution declares that, "in cases of necessity," private ways may be granted upon just compensation being paid by the applicant. Civil Code, § 5729. Section 661 of the Political Code, which declares that the county authorities have power "to grant private ways to individuals to go from and return to their farms and places of residence," is to be construed in the light of this constitutional provision; and this power is restricted to " cases of necessity." The word "necessity" as used in the constitution is to be given its most restricted meaning. So construing it, a case of necessity authorizing the laying out of a private way would not arise unless it was shown that the way sought to be laid out was indispensable to the use and enjoyment of the farm or place of residence, as the case might be. If there is a way by which the applicant can lawfully reach his farm or place of residence, a case of necessity does not exist within the meaning of the constitution. The fact that the way in use is only a private way, and there is an apprehension that the owners of the property over which such way is laid out may abolish the same, does not change the rule. Until the way is actually abolished, so that the same can not be used, and the applicant is thus left without a means of access to his farm or place of residence, there is no such necessity as would authorize the public authorities to appropriate the private property of another to his use. See, in this connection, *Board of Commissioners* v. *Harris,* 71 *Ga.* 250; *Russell* v. *Napier,* 82 *Ga.* 770; *Normandale Lumber Company* v. *Knight,* 89 *Ga.* 111.

The evidence in the present case did not disclose such a necessity as would have authorized the county commissioners to lay out the

private way sought to be established; and the judge erred in over-ruling the certiorari, which excepted to the judgment of the county commissioners ordering the appointment of appraisers to assess damages preparatory to laying out the way.

*Judgment reversed. All concurring, except Little, J., absent.*