## GAINES *v.* LUNSFORD.

1. The constitution provides for ways of necessity, but not for those of convenience; nor does it guarantee the landowner the right to connect directly with a public road, if there are other ways affording reasonably sufficient means of access therefrom to his farm or residence.
2. Where a tract is touched by steep and hilly "settlement roads," there is no such "necessity" as will warrant the taking of private property, in order to construct thereon a way leading to a public road which is in better condition, and on which heavier loads may be drawn.
3. Nor is the rule changed by the fact that a cut or obstruction exists on plaintiff's land, between his residence and the settlement roads.
4. Nor can a way of necessity across the lands of another be laid out because the settlement road is liable to be closed. As long as it is open to plaintiff's use, no legal necessity for opening another way exists.

Argued May 18, — Decided June 9, 1904.

Certiorari. Before Judge Reagan. Elbert superior court. September 18, 1903.

*Samuel L. Olive*, for plaintiff in error.
*Joseph N. Worley*, contra.

LAMAR, J. There are no plats in the record to show the situation of plaintiff's and defendant's land, nor the location of the

public road, nor where the "settlement" roads referred to in the evidence touch the farm, nor indeed where the proposed way begins or ends. Even the plat referred to as attached to the petition is not brought up, and it is therefore difficult to determine where the private road is to start and with what it is to connect. Aided by the argument, however, we infer that plaintiff's residence is located near the center of his farm. It appears that for many years there has been a private way leading therefrom across the lands of Gaines, the defendant, to what we infer was a public highway. This path or way was not fifteen feet wide, its route had been changed from time to time, and it had not been worked by plaintiff and his predecessor in title; so that under the Political Code, §§ 662, 678, no prescriptive right had ripened. Being unable to continue its use, he applied for the establishment of a way of necessity over practically the same route. The record shows that plaintiff's farm was touched by two "settlement" roads, and that he could have reached either over his own land and without crossing the plantation of Gaines. It is claimed, however, that a farm road from plaintiff's dwelling would have had to cross a deep cut or obstruction in his field; that it would have been expensive to construct the route over the same; and that a way thus laid out would lead to settlement roads which were steep, hilly, and in such bad condition that it was impossible to haul thereon more than half a load.

At common law, where the grantor conveyed land otherwise inaccessible, there was of necessity an implication that he had unintentionally omitted to convey a means of access thereto. This necessary implication entitled the land-locked grantee to a way out to whatever public or private roads furnished access to the original tract,—in the laying out of which due regard, of course, had to be had to the convenience of the grantor. Such ways by implication are still recognized in this State. Civil Code, § 3065. But in addition to these common-law ways of necessity, the constitution provides for acquiring similar easements over the land of those with whom the applicant had no privity of estate, declaring (Civil Code, § 5729) that "in cases of necessity, private ways may be granted upon just compensation being first paid by the applicant." It does not provide whether he shall have a right to reach a highway, or some private way ultimately leading to a highway,

— though there are in the books some suggestions that the way of necessity contemplated under similar statutes elsewhere is one which connects the private land with a public road. See notes in 85 Am. Dec. 677. But the use of the common-law phrase "way of necessity," and the many authorities holding that wherever necessity ceases the right to such way ceases (Civil Code, § 3066), lead to the conclusion that if the owner of the land-locked farm can reach a highway by means of another private or quasi-public road, he is not under that necessity which alone entitles him to condemn the land of his neighbor. Such was the ruling in *Chattanooga R. Co.* v. *Philpot*, 112 *Ga.* 154, where Justice Cobb said: "If there is a way by which the applicant can lawfully reach his farm or place of residence, a case of necessity does not exist." There the owner of land could reach a private way which extended to the public thoroughfare. In Turnbull *v.* Rivers, 3 McCord, 131, 15 Am. Dec. 622, it was held that if the land can be reached by a distant or difficult road, the grantee is not entitled to a way across the lands of the grantor.

2–4. The settlement roads are in bad condition but not impassable. Access to a public and better road would be more advantageous. But the way of necessity contemplated by the constitution is not a way of convenience, nor is it indeed intended to give the applicant the shortest route to market. If there is a defective road touching his land, or it is otherwise accessible without crossing the property of the abutting owner, the constitution does not warrant taking the latter's property in order to reach a better highway. That would serve the applicant's ease rather than his necessity. The defects in these highways or private ways must be corrected at the expense of the public, the applicant, or others having occasion to travel thereon. The delays, expenses, and burdens can not be avoided by taking the land of another, even on just compensation. Nor does the fact that there was a cut or obstruction in plaintiff's farm between his residence and the settlement road change the legal complexion of this case. The burden of crossing these natural barriers falls upon him, and not upon another. "A way of necessity never exists where a man can get to his own property through his own land, however inconvenient the way to his own land may be." Dee *v.* King, 73 Vt. 378. Particularly is this true where the record does not show the character of the

obstruction, its nearness to the highway, the additional cost of construction, and its relation to the value of the tract. There might be cases where one side of a plantation is bounded by a highway with precipice, morass, or other natural obstruction of a character that makes it not absolutely impossible to reach the outlet to market, yet the expense would be so out of proportion to the value of the estate as to warrant laying out a way of necessity, in an opposite direction, to a road beyond the land of an intervening owner. Nothing of that sort appears here.

Under the *Philpot* case it was error to allow testimony that the existing settlement road might be closed against the use of plaintiff. He can travel thereon at the present time. That right makes it unnecessary to use the land of defendant. When the way is closed, it will be time enough to determine whether proceedings should be taken to reopen that or to grant another over the land of defendant.

*Judgment reversed. All the Justices concur.*