VALDOSTA, MOULTRIE & WESTERN RAILROAD COMPANY *v.* ADEL LUMBER COMPANY.

</div>

ATKINSON, J. Civil Code (1910), § 804, which provides that "Any person, or corporation, desiring to build or construct any tramways to connect with any waterway or railway, in this State, for the purpose of transporting lumber, naval stores, and timber by means of the same," may condemn a right of way for such tramway, "setting out the length of such way, together with the place of starting and the terminus of the same," only applies to instances where such tramways are necessary to connect with a railway, or waterway, for the purpose of transporting the articles mentioned by means thereof, and does not authorize a person who owns a sawmill located on the line of one railway to condemn a right of way for a tramroad to cross the line of another railway and extend to a lot of timber belonging to such sawmill owner. *Garbutt Lumber Co.* v. *Georgia & Alabama Ry. Co.,* 111 *Ga.* 714 (36 S. E. 942); *Normandale Lumber Co.* v. *Knight,* 89 *Ga.* 111 (14 S. E. 882); *Chattanooga &c. R. Co.* v. *Philpot,* 112 *Ga.* 153 (37 S. E. 181).

<div align="center">

*Judgment reversed. All the Justices concur.*

JULY 12, 1911.

</div>

Petition for injunction. Before Judge Thomas. Berrien superior court. January 9, 1911.

The Adel Lumber Company, being a private corporation, was engaged in operating a sawmill at Adel, Georgia, on the line of the Georgia Southern & Florida Railway Company. The lumber which it manufactured was for shipment over the railroad of the

Georgia Southern & Florida Railway Company, for distribution to the general lumber trade. In order to conduct its business it had acquired large timber holdings extending to a remote distance from the mill, and in order to bring the timber from the forests to the mill it was necessary to employ a "tramroad."

For the purpose of carrying on a sawmill business, it had so constructed its tramroad that it extended from the mill for a number of miles into the timber lands, but contemplated further extension in the future from time to time as the work of cutting the timber progressed and such extension should become necessary in order to reach the more remote timber lands. Under such conditions the Valdosta, Moultrie & Western Railroad Company, being a chartered commercial railway, constructed its line of road across the proposed extension of the tramroad of the Adel Lumber Company, so that in order for the tramroad to reach a large part of the timber lands of that company it was necessary to cross the railroad track. In order to reach such timber with its tramroad, the Adel Lumber Company sought permission from the V., M. & W. Railroad Company to cross its track with a tramroad at a point in the country on lot number 487 in the ninth land district of Colquitt county, which lot was among the timber lands of the Adel Lumber Company; but permission was not granted; and being unable otherwise to get permission to cross, the lumber company sought to acquire a crossing by the exercise of the power of eminent domain, under sections 658, 659, and 660 of vol. 1 of the Code of 1895. The Valdosta, Moultrie & Western Railroad Company instituted suit to enjoin the Adel Lumber Company from so proceeding to condemn a crossing for its tramroad, on the ground that the proposed condemnation was contrary to law, for the following reasons: (*a*) The operation of defendant's tramroad for the purpose of hauling to and furnishing its sawmill with crude logs to be manufactured into lumber and other timber products is purely a private enterprise, in which the public has no interest. (*b*) There is no provision of law authorizing a person or corporation, engaged in a purely private enterprise, to take, injure, or damage the property of a duly chartered railroad company necessary for and in actual use in the operation of its trains as a part of its right of way and track. (*c*) Sections 658, 659, and 660 of volume one of the Code of 1895, under which defendant is undertaking to

condemn, do not afford a person or corporation, desiring to con-struct a tramway for transportation of lumber, naval stores, or timber by means thereof, the right to condemn the right of way or track of a duly chartered railway for the purpose of crossing the same, or for any other purpose. (d) It appears upon the face of said application and notice that it is not necessary for the defendant to build or construct its tramroad across the right of way and track of plaintiff in order to connect with the waterway or railway, for which provision is made by sections 658, 659, and 660 of volume one of the Code of 1895; for the reason that it has ample means of transportation without the privilege of making said crossing. The judge at an interlocutory hearing found that the way sought was a way of necessity, and declined to grant an ad interim injunction. The Valdosta, Moultrie & Western Railroad Company excepted.

E. K. Wilcox and J. G. Cranford, for plaintiff.

J. Z. Jackson and Fulwood & Murray, for defendant.