## HUTCHINSON *v.* CALDWELL LUMBER COMPANY *et al.*

HILL, J. 1. In a former case it was held: "In a proceeding under the Civil Code, §§ 807 et seq., to condemn a private way over lands of another person, in order to entitle the applicant to relief it must appear that the way sought by him is absolutely indispensable as a means of reaching his property." *Wyatt* v. *Hendrix,* 146 *Ga.* 143 (90 S. E. 957).

2. A private way over another's land, whether under Civil Code § 807 or 804, is based on necessity, though the procedure to obtain the same may be different. *Valdosta Railroad Co.* v. *Adel Lumber Co.,* 136 *Ga.* 559 (71 S. E. 803). Where a company operating a sawmill sought to condemn a private right of way for the purpose of constructing a tramroad on land belonging to another person, in order to reach certain timber lands belonging to the applicants, under §§ 804 et seq. of the Civil Code, the burden was on the applicants to show the absolute necessity for such right of way as a means of reaching their property; and where in such case an equitable petition was filed to enjoin the defendants from entering upon and condemning a right of way through the lands of the plaintiff, and the defendants answered the petition, admitting that "a tramroad has been constructed in a roundabout way in an effort to reach and remove defendants' timber sought to be reached by the proposed tramroad," but averring that on account of the steep grades it requires two engines to pull three log-trucks loaded with logs, and that it is only with great expense that the tramroad can be operated for transporting the timber, and such condition renders the existing route practically valueless, such admission conclusively negatives the opinion evidence of witnesses for the applicants to the effect that the proposed way across the plaintiff's land is a necessity; and it was therefore error for the trial judge, on the hearing of the petition for injunction, to dissolve the temporary restraining order and to refuse the injunction.

3. There is no merit in the contention as to the plea of res adjudicata. The facts presented in the record differ in a material particular from those appearing in the record before the court when the decision was rendered in the case of *Hutchinson* v. *Caldwell Lumber Co.,* 144 *Ga.* 565 (87 S. E. 777). A tramroad around the land of the plaintiff to the defendants' timber lands has been constructed and operated by the defendants since the former trial.

                      *Judgment reversed. All the Justices concur.*

JANUARY 11, 1917.

Petition for injunction. Before Judge Thomas. Thomas superior court. April 5, 1916.

*F. T. Myers, T. S. Hawes, C. W. Wimberly Jr.,* and *Ira Carlisle,* for plaintiff.

*Roscoe Luke, M. L. Ledford,* and *C. E. Hay,* for defendants.