## HUTCHINSON *v.* COPELAND *et al.*

1. The pendency of a proceeding to condemn land as a way of necessity for a tramroad, under the Civil Code (1910), § 804, is such a pending proceeding as to give the superior court of the county where the condemnation proceeding is pending jurisdiction to entertain a petition to enjoin such proceeding.

2. The procedure for the condemnation of a right of way for a tramroad under the Civil Code (1910), §§ 804 et seq., is that prescribed in the Civil Code (1910), §§ 5206 et seq.

3. It is not essential that the assessors appointed in a condemnation proceeding under the Civil Code (1910), §§ 5206 et seq., should be residents of the county where such proceeding is instituted.

4. Where an application for condemnation is filed, and no steps are taken thereunder and it is abandoned, a new application may be made without reference to the abandoned application.

JANUARY 11, 1917.

Petition for injunction. Before Judge Cox. Grady superior court. May 11, 1916.

*F. T. Myers, T. S. Hawes, C. W. Wimberly Jr.,* and *Ira Carlisle,* for plaintiff.

*Roscoe Luke, M. L. Ledford,* and *C. E. Hay,* for defendants.

EVANS, P. J. The Caldwell Lumber Company is a partnership engaged in the business of operating a sawmill located at Metcalf in Thomas county, a station on the Atlantic Coast Line Railroad Company. The lumber company owns various lots of timber land in Thomas and Grady counties. It has constructed a tramroad for the purpose of conveying timber to the Atlantic Coast Line Railroad Company, with which it has a connecting track at Metcalf, over which the tramcars, loaded with timber, are conveyed to the mill. The company desires to extend its tramroad further into Grady county, for the purpose of reaching timber land it owns in that county. The route selected for the extension of the tramroad passes through the corner of a lot of land owned by S. E. Hutchinson. Hutchinson refused consent to the construction of the tramroad across his land. The lumber company filed with the commissioners of roads and revenues of Grady county an applica-

tion to condemn a right of way for a tramroad over the land of Hutchinson, agreeably to the provisions of §§ 804, 805 of the Civil Code of 1910. Thereupon Hutchinson filed a petition in the superior court of Thomas county, the residence of the partners composing the firm of the Caldwell Lumber Company, to enjoin them from entering upon or condemning his land, on the ground that their enterprise was a private and not a public business, and that they were not entitled to a right of way over his land, or to condemn it for a strictly private use. A temporary injunction was refused, and the judgment was upheld by this court on conflicting evidence as to the necessity of the lumber company to cross Hutchinson's land in order to connect with the railroad company. *Hutchinson* v. *Caldwell Lumber Co.,* 144 *Ga.* 565 (87 S. E. 777). While the writ of error in the case just cited was pending in the Supreme Court, the lumber company projected its tramroad around the land of Hutchinson to the timber which they were seeking to reach by the means of the route over Hutchinson's land. Hutchinson filed a second petition in Thomas superior court, to enjoin the condemnation, on the ground that it had been demonstrated, by the actual construction of the tramway to the timber lands of the Caldwell Lumber Company, that a route over his land was not indispensably necessary for the lumber company to reach its timber. The trial court again refused to enjoin the lumber company, and its judgment was reversed. *Hutchinson* v. *Caldwell Lumber Co.,* ante, 356. A few days after the institution of the second application for injunction, Hutchinson filed a petition in the superior court of Grady county against the Caldwell Lumber Company and against Copeland et al., the assessors appointed in the condemnation proceeding pending in that county, to enjoin them from entering upon his land in pursuance of their appointment as assessors in the condemnation proceeding. The court refused the injunction, and Hutchinson excepted.

1. The Caldwell Lumber Company by demurrer and by answer opposed the grant of an injunction. One ground of the demurrer was that the superior court of Grady county was without jurisdiction of the case, for the reason that no substantial relief was prayed against any defendant resident of the county of Grady. It appeared from the petition as amended that the partners composing the Caldwell Lumber Company were residents of Thomas county,

and that two of the assessors appointed in the condemnation proceeding were residents of Thomas county. The only defendant residing in Grady county was one of the assessors in the condemnation proceeding. The constitution of this State requires all petitions for equitable relief to be brought in the county of the residence of one of the defendants against whom substantial relief is prayed. However, in cases of injunction to stay pending proceedings, the action may be brought in the county where the proceeding is pending, provided no relief is prayed as to matters not included in such litigation. Civil Code (1910), § 5527. There being no substantial relief prayed against the resident defendant, the jurisdiction over the petition depends upon whether the application to condemn the land is such a pending proceeding that it may be enjoined in the county where it pends without regard to the residence of the defendants. It is provided in the Civil Code (1910), §§ 804 et seq., that any person desiring to construct a tramway to connect with any waterway or railroad in this State, for the purpose of transporting lumber, naval stores, and timber by means of the same, may make application in writing to the ordinary or county commissioners, as the case may be, of the county in which such tramway is to be located, setting out the length of such way, together with the place of starting and the terminus of the same, and the line of its location as nearly as may be. When the application is filed, all proceedings thereafter shall be the same as are now allowed and directed by the code for condemning property, except that the strip of land to be used for such purpose shall not exceed in width fifteen feet. The statute relative to condemnation of land makes provision for litigation over the assessment in the county where the condemnation proceeding is instituted. Such a proceeding is a pending proceeding in the meaning of the code section; and the superior court of Grady county had jurisdiction to inquire into the issues involved in the condemnation proceeding, but not into extraneous equities between the parties.

2. The procedure pursued in the condemnation case was that provided by the Civil Code (1910), §§ 5206 et seq. This is the general law for condemnation of private property for public use. The plaintiff in error makes the point that this section is inapplicable, because the application is to condemn land for private purposes and not for a public use. Private property can not be taken

for private use except in case of indispensable necessity and on making adequate compensation. The provisions of the Civil Code (1910), §§ 804 et seq., relating to the construction of tramroads and the condemnation of land to secure a necessary right of way, apply only to instances where such tramways are necessary to connect with a railroad or waterway for the purpose of transporting lumber, naval stores, and timber by means thereof. *Valdosta &c. Railroad Co.* v. *Adel Lumber Co.,* 136 *Ga.* 559 (71 S. E. 803); *Alaculsey Lumber Co.* v. *Shippen Lumber Co.,* 143 *Ga.* 296 (84 S. E. 967). Private property also may be taken for public use, on the payment of adequate compensation. It is within the province of the legislature to provide one method for condemnation where private property is taken for private use in cases of necessity, and another method where private property is taken for a public use. Or, in its wisdom, the legislature may provide a single method as applicable to both cases. An elaborate and detailed procedure is prescribed in the case of condemnation for a public use, and is found in the Civil Code (1910), §§ 5206 et seq. There is no other complete plan of condemnation provided in the code. Hence the provision in § 805, that all the proceedings after filing the application for condemnation "shall be the same as are now allowed and directed by this code for condemning property," must have reference to §§ 5206 et seq. This view is strengthened by this court's construction of certain code sections on a related subject. Sections 795 et seq., defining how persons engaged in mining and quarrying may obtain a right of way for a railroad, turnpike, or common road across the lands of others, necessary for the successful prosecution of their business, contain a provision that proceedings relating to condemnation shall be "according to the method of condemning land in this code provided." It has been held that as there was no other provision for condemnation, except for condemnation of private property for public use, that method of condemnation should be followed in proceedings instituted under these sections of the code. *Jones* v. *Venable,* 120 *Ga.* 1 (47 S. E. 549, 1 Ann. Cas. 185). The analogy of the statute with reference to condemnation for mining and quarrying purposes to that providing for the condemnation of rights of way for tramroads is so intimate that the principle of *Jones* v. *Venable* would seem to control. and indeed was impliedly recognized in the litigation between the parties to

this record. *Hutchinson* v. *Caldwell Lumber Co.,* supra. It is argued that there is a conflict between the case of *Garbutt Lumber Co.* v. *Georgia & Alabama Railway,* 111 *Ga.* 714 (36 S. E. 942), and the case of *Jones* v. *Venable,* supra. The former case was considered in the opinion in the latter case, and clearly differentiated.

3. The point is made that the condemnation proceeding is illegal, because two of the assessors do not reside in the county. of Grady, where the condemnation proceeding is pending, but .are residents of Thomas county. The provisions of the Civil Code (1910), §§ 5206 et seq., providing for the condemnation of property, do not limit the selection of assessors to the county where the condemnation proceedings are instituted.

4. There is no merit in the attack made upon the condemnation proceeding on the ground that about a year before the present application was filed the defendants in error had made an application to the ordinary, which had not been prosecuted. The court was authorized to find that that proceeding had been abandoned, as nothing had been done under it, and a new proceeding was instituted without reference to any prior application. The condemnation proceeding was not defective on account of failure to comply with the statute; but inasmuch as the right of plaintiff in error to an injunction in the case pending in Thomas county has been considered in connection with the present writ of error, in affirming the judgment of the court we give direction that the further proceedings in the condemnation be stayed to await the final determination of the issues as to whether or not the lumber company is entitled to condemn the land of the plaintiff in error, involved in the proceeding pending in Thomas superior court.

*Judgment affirmed, with direction. All the Justices concur.*