ROBERTSON *v.* ABERNATHY.

No. 14453. APRIL 14, 1943.

708

*Price Edwards* and *James R. Murphy,* for plaintiff in error.
*Astor Merritt* and *C. C. Bunn,* contra.

JENKINS, Justice.. ■ In the former trial of this action of ejectment, involving title to a small tract of land, as controlled by the boundary line between plaintiff's "lot 602" and defendant's south portion of "lot 603," the jury found generally for the plaintiff. In that trial the plaintiff relied on three theories: (1) that the line for which he contended was the original line between the lots; (2) that the line had been. established by acquiescence for more than seven years; and (3) that he had good prescriptive title by twenty years actual possession of the tract. The judgment refusing a new trial to the defendant was reversed by this court, because of a charge on the law of a twenty-year prescriptive title,

in the absence of any evidence to sustain it. As to acquiescence, it was held merely that "even if the verdict was authorized under the general terms of such testimony, it was not demanded, as contended by the plaintiff," on that theory. *Robertson* v. *Abernathy,* 192 *Ga.* 694, 697 (16 S. E. 2d, 584). On the second trial the jury again found for the plaintiff, but expressly limited their verdict to the ground of "acquiescence;" and a new trial was refused. The previous decision of this court did not go to the extent of holding that the evidence on the theory of acquiescence did not *authorize* a verdict for the plaintiff, so as to make such a ruling, as now contended, the law of the case. But even if such had been the ruling, it would not control at the second trial, unless the evidence was "substantially the same." *Hudmon* v. *Hill,* 194 *Ga.* 841, 842 (22 S. E. 2d, 846). This is true, since, on a mere general grant of a new trial by a reversal in this court, the case stands for trial de novo, and neither party is precluded from introducing, if he can, new or stronger evidence to support his pleadings. If such evidence materially differs from that before this court in the previous record, a plea or contention of res judicata or law of the case will not avail. *Hutchinson* v. *Caldwell Lumber Co.,* 146 *Ga.* 356 (3) (91 S. E. 208); *Atlantic Coast Line Railroad Co.* v. *McElmurray,* 14 *Ga. App.* 196 (2), 198 (80 S. E. 680); *Jarrell* v. *Seaboard Air-Line Ry.,* 21 *Ga. App.* 415 (2) (94 S. E. 648).

■ "Acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line." Code, § 85-1602. In thus establishing a line by this authorized statutory method, "it is not essential that the acquiescence be manifested by a conventional agreement." *Osteen* v. *Wynn,* 131 *Ga.* 209 (3, *b*), 214 (62 S. E. 37, 127 Am. St. R. 212); *Sapp* v. *Odom,* 165 *Ga.* 437 (7) (141 S. E. 201); *Farr* v. *Woolfolk,* 118 *Ga.* 277, 280 (45 S. E. 230), and cit.; *Williamson* v. *Prather,* 188 *Ga.* 545 (4 S. E. 2d, 140), and cit.; *Anderson* v. *Black,* 191 *Ga.* 627 (3), 635 (13 S. E. 2d, 650). Such acts or declarations by both landowners bind their respective successors in title. *Sikes* v. *Mutual Benefit Life Insurance Co.,* 182 *Ga.* 858 (187 S. E. 61), and cit.; *McGill* v. *Dowman,* 195 *Ga.* 357 (24 S. E. 2d, 195, 196 (2), 200), and cit.; *Osteen* v. *Wynn,* supra. Under the preceding rules and the testimony for the plaintiff, which was even stronger than that on

the previous trial, the verdict for the plaintiff on the theory of seven years acquiescence, by acts and declarations of the plaintiff and of the defendant's predecessors in title, was authorized; and the judge did not err in charging the law thereon. No question as to any intervening prescriptive title in the defendant is involved under the evidence or verdict.

■ No prejudice to the defendant appears in the inaccurate instruction to the jury that the line which might be fixed by acquiescence was the "*original* line," instead of referring to the line, as described in the Code, § 85-1602, as the "*dividing* line." The court first correctly charged that this question involved the "dividing line," by stating in the language of the statute, that "acquiescence for seven years by act or declaration of adjoining landowners shall establish the *dividing* line;" and immediately thereafter said, "You may look to all the evidence in the case on both sides, and consider the evidence in determining where the *original* line is between the plaintiff and the defendant in this case." Under the evidence for the plaintiff, the original line and the acquiesced line were the same; and if the jury found for the plaintiff on either theory, under his evidence, the dividing line would have been the same. Under the evidence for the defendant, there was no fixing of a dividing line by seven years acquiescence, and the line contended for by the plaintiff was neither the original line nor an acquiesced line. The jury found for the plaintiff only on the theory of "acquiescence." Accordingly, if the instruction was harmful to either party, apparently it was injurious only to the plaintiff, by limiting too narrowly the question as to the original line, since the jury failed to find in his favor on that theory. However, in no event, could the charge have injured the defendant, in view of the identity of the line, according to the plaintiff's evidence, under either his theory that it was the original line between the lots or his theory that it was the dividing line by acquiescence; and in view of the defendant's evidence that such was not the line under either theory; and in view of the verdict that the line contended for by the plaintiff was the line, although the finding was based on the theory of acquiescence.

■ The verdict was not unauthorized, and the judge did not err in charging the law of acquiescence, on the ground that there was no evidence fixing the line acquiesced in with sufficient defi-

niteness to render the verdict capable of enforcement. The surveyor's plat in evidence and the oral testimony as to the location of the line sufficed to authorize the instruction and the verdict for the plaintiff. *Judgment affirmed. All the Justices concur.*