CANTRELL *v.* KAYLOR *et al.*

JENKINS, Presiding Justice. 1. "A deed conveying a described parcel of land, 'with the appurtenances,' conveys to the grantee as appurtenant to the land the right to the free and unobstructed use and enjoyment of an alley adjoining the property, which the grantor had laid out and set apart for such use, and the fee to which was at the time of the conveyance in the grantor." *Murphey* v. *Harker,* 115 *Ga.* 77 (3) (41 S. E. 585). *A fortiori* this rule would apply where, as in the instant case, the deed describes the easements and specifically provides that they shall remain forever open. See *Taylor* v. *Dyches,* 69 *Ga.* 455, 458.

(a) In a case where the deed does not convey the easement either in general or specific terms, the rule would seem to be that, in order to establish an implied grant of an easement, the easement would have to constitute an appurtenance necessary to the use of the premises; but under the record as actually presented, and the above ruling based thereon, that question need not be here dealt with. See, in this con-

nection, *Calhoun* v. *Ozburn*, 186 *Ga.* 569, 571 (2) (198 S. E. 706); *Gaines* v. *Lunsford*, 120 *Ga.* 370 (47 S. E. 967, 102 Am. St. R. 109); *Miller* v. *Slater*, 182 *Ga.* 552, 557 (186 S. E. 413).

2. Under the above rulings, it was error to grant an injunction denying the owner of a lot the use of appurtenances thereto which have been both generally and specifically embraced in his deed to the lot.

*Judgment reversed. All the Justices concur.*

No. 15564. SEPTEMBER 5, 1946. REHEARING DENIED OCTOBER 11, 1946.

*J. L. Smith,* for plaintiff.   *Boykin & Boykin,* for defendants.