## 35242. KELLETT v. SALTER et al.

JORDAN, Justice.

The subject of this appeal is a condemnation action brought by the Salters for a private way of necessity over the land of Kellett. A jury awarded the Salters a 200-by-20 foot easement in exchange for $500 in compensation. Kellett appeals contending that the Salters intentionally landlocked themselves by not reserving an easement over other parcels of land they had recently sold, and that an easement over his land was not "absolutely indispensable" for their access to a public road. *Held:*

1. The Salters proceeded in their condemnation action pursuant to the rules found in Chapter 83-1. The relevant portion of Code § 83-101 (b) prescribes the contents of the condemnation petition and goes on to say, "but, where it is made to appear that such condemnor owns a right of access, ingress, and egress to his said property over another route, or owns an easement to a right of private way over another route . . . and such alternate route affords such person . . . *a reasonable means of access, ingress, and egress,* or the judge shall find that the exercise of such right of condemnation by the condemnor is otherwise unreasonable, the judge of the superior court shall be authorized to find . . . that the aforesaid condemnation and declaration of necessity constitute an abuse of discretion, and enjoin the proceeding." (Emphasis supplied.)

Citing language from *Chattanooga, Rome &c. R. Co. v. Philpot,* 112 Ga. 153 (37 SE 181) (1900), Kellett argues that in order for the Salters to condemn a private way of necessity over his land, that particular route must be "absolutely indispensable" for their ingress and egress. Since the Salters could have reserved an easement over

two parcels of land they recently sold but did not, he reasons that they may not now claim an easement over his land simply because this route would be more convenient.

The Salters answer this contention by showing, as they did at trial, that the route over Kellett's land is the only *reasonable* means of access that they have, this being the statutory test as set out above. They produced evidence that it would cost them $47,800 to build a road over the lots they had sold to their property which is, itself, worth only $25,500. Furthermore, Dr. Salter testified that, though they did reserve an easement from the lots sold for utilities, they intentionally did not reserve an easement for access because "[c]onstruction cost would be astronomical. There's just no way, it would be more than the land's worth."

Both sides advance convincing arguments as to why its test for necessity should prevail, either the "absolutely indispensable" test or the "no other reasonable means of access" test, but the statute quoted requires a condemnor to show no other "reasonable means of access." The jury was correctly charged according to this statute, and it found that necessity had been shown. Under these circumstances, we find no merit in any of Kellett's enumerations of error.

2. Kellett asserts that a landowner should not be permitted to intentionally landlock himself by selling land and not reserving an easement of access only to later condemn a more convenient private way of necessity over land he did not own. The Salters concede in their brief to this court that if they ever had reasonable means of access through the lots they sold, that they should not be permitted to privately condemn any part of Kellett's land. This argument is a restatement of the one we faced in Division 1. According to the facts of this case, if no reasonable means of access were available to the Salters through the lots they previously sold, and the jury obviously found none, then it was not incumbent upon them to reserve an easement from those lots.

The case of *Gaines v. Lunsford*, 120 Ga. 370 (47 SE 967) (1904), cited by Kellett as support for his position, supports the Salters in holding that the "constitution provides for ways of necessity, but not for those of

convenience; nor does it guarantee the landowner the right to connect directly with a public road, *if there are other ways affording reasonably sufficient means of access therefrom to his farm or residence."* (Emphasis supplied.)
*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 17, 1979 — DECIDED OCTOBER 30, 1979.

*Smith & Jones, William E. Smith,* for appellant.
*Watson, Spence, Lowe & Chambless, G. Stuart Watson, E. Dunn Stapleton,* for appellees.