S95A0848. ATLANTA-EAST, INC. v. TATE MOUNTAIN ASSOCIATES, INC.

(462 SE2d 613)

FLETCHER, Presiding Justice.

In this private way condemnation action under OCGA § 44-9-40, the trial court granted summary judgment to Tate Mountain, finding that Atlanta-East had other reasonable means of access to its property and, therefore, no necessity existed to condemn a private way across Tate Mountain's land. We reverse because Tate Mountain did not establish as a matter of law that Atlanta-East has other reasonable means of access to its property.

1. Tate Mountain, as the movant, had the burden to establish that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law.[1] Therefore, in order to prevail on summary judgment, Tate Mountain had to show that Atlanta-East had reasonable means of access to its property other than over Tate Mountain's land.[2]

2. Atlanta-East's property at issue, which consists of approximately 160 acres, is land lot 175 in the 5th district and 2nd section of Pickens County. Tate Mountain owns land lots 150 and 139, which lie due north of land lot 175, and which provide access to a public road known as Monument Road. Tate Mountain contends that Atlanta-East has access to its property by two routes. One route lies in an easterly direction over other Atlanta-East property, which adjoins

---

[1] OCGA § 9-11-56 (c).
[2] *Kellett v. Salter,* 244 Ga. 601, 602 (261 SE2d 597) (1979).

Monument Road. The other route lies in a westerly direction over other Atlanta-East property that adjoins an easement providing access to a public road known as Burnt Mountain Road.

(a) The alleged easterly access relies on land lot 175 being contiguous to land lot 187, which Atlanta-East owns. These two land lots, however, are contiguous at only one point — the southeast corner of land lot 175 and the northwest corner of land lot 187. As a matter of law, the single point of contiguity at this intersection of corners fails to provide reasonable access between these land lots.

(b) The alleged westerly access is across land lot 176, another 160-acre parcel that Atlanta-East owns, and then by way of an easement crossing parts of two other land lots to a public road. Construing the evidence in the light most favorable to Atlanta-East, as a court must on summary judgment,[3] the contour map in the record shows that land lot 176 is mountainous and the easement is likewise over mountainous land. Tate Mountain, however, failed to present any evidence that a way of ingress and egress could be built over this mountainous land for a reasonable expense.[4] Because the summary judgment record does not show without dispute that *reasonable* access exists over land lot 176, the trial court erred in granting Tate Mountain's motion for summary judgment.

3. On remand, the parties should follow the procedure outlined in OCGA §§ 44-9-40 through 44-9-47. If after hearing the parties' evidence, the trial court determines that either an alternate route affords reasonable access or that the exercise of the right of condemnation is otherwise unreasonable, the trial court would end the proceeding.[5] Otherwise, the trial court will set a hearing before the assessors named by the parties.[6] Either party has the right to appeal the amount of compensation awarded by the assessors to a jury.[7] The party opposing the petition may also have the jury decide the right of the condemnor to have a private way established or the location or width of the private way.[8]

*Judgment reversed. All the Justices concur.*

---

[3] *Burnette Ford v. Hayes*, 227 Ga. 551 (181 SE2d 866) (1971).

[4] See *Kellett*, 244 Ga. at 602 (condemnors produced evidence that to reach their property, which was worth only $25,500, it would cost $47,000 to build a road across land they had sold); *Gaines v. Lunsford*, 120 Ga. 370, 373 (47 SE 967) (1904) (condemnor may demonstrate necessity to condemn private way over another's land where expense to build road across own land is so out of proportion to value of the estate).

[5] OCGA § 44-9-40 (b).

[6] OCGA § 44-9-43.

[7] OCGA §§ 44-9-44 and 44-9-46.

[8] OCGA § 44-9-46.

DECIDED OCTOBER 16, 1995.

*Barnes, Browning, Tanksley & Casurella, George T. Smith*, for appellant.
*William H. Pickett, Jr.*, for appellee.