S05A0978. EARDLEY v. McGREEVY et al.
(615 SE2d 744)

FLETCHER, Chief Justice.

Suzanne Eardley appeals from an order of the Fulton County Superior Court denying the existence of an implied easement in favor of Eardley over her neighbor's property. Finding no error in the trial court's ruling, we affirm.

In 1989, a one-acre tract of land, fronting 150 feet on Jett Road, was conveyed to M. Kenneth McGreevy, as Trustee. In 1997, the Trustee conveyed to Hutchins and Cole a portion of this property, fronting 100 feet on Jett Road, upon which was located a small house (the "Eardley property"). The deed did not reference a recorded plat, nor did it make any mention of a gravel drive or any type of easement over the portion of the original tract retained by the Trustee. A plat was prepared at that time which accurately showed by metes and bounds the Eardley property and the tract remaining in the trust (the

"McGreevy property"). The plat generally showed an existing gravel drive extending from the small house to the west property line of the Eardley property and across the McGreevy property down to Jett Road. No dimensions of the drive were indicated, and the plat was never recorded.

Eardley purchased her property from Hutchins and Cole in 1998, and claims to have received a copy of the plat showing the gravel drive to Jett Road crossing the McGreevy property. The plat was not recorded, nor was it referenced in Eardley's deed. For a short period of time, Eardley used the drive crossing the McGreevy property to access the house from Jett Road.

In this quiet title proceeding,[1] the special master determined that an implied easement had arisen in favor of Eardley with respect to the drive.[2] The trial court rejected that conclusion, however, and ruled that no implied easement had arisen because the right of way was neither necessary for access to the Eardley property, nor was the plat showing the drive recorded or referenced in Eardley's deed.

1. An implied easement may arise when "the right is necessary to the enjoyment of lands granted by the same owner."[3] Thus, when an owner of land conveys a portion of that land to another, and the only access to a public road from the conveyed property is over the portion of the property retained by the grantor, an implication arises that the grantor intended to convey a means of access.[4] By implication, therefore, in such circumstances the law will recognize the grantee's right to access the conveyed property through a right of way over the property retained by the grantor.

The record shows, however, that the Eardley property borders a public street known as Jett Road, and that Eardley could access Jett Road from her property without unreasonable difficulty.[5] Therefore, the access to and from the residence across the McGreevy property is not necessary, but merely convenient, and the interests of convenience are insufficient to establish an implied easement.[6] Eardley cannot "claim a road over another's land as a road or way of necessity

---

[1] OCGA § 23-3-60 et seq.

[2] The house on the Eardley property also operates on a septic system that uses a drain field on the McGreevy property. The easement related to the septic system is not in dispute in this appeal.

[3] OCGA § 44-9-1.

[4] *Calhoun v. Ozburn*, 186 Ga. 569, 571 (198 SE 706) (1938).

[5] Compare *Atlanta-East, Inc. v. Tate Mountain Assoc.*, 265 Ga. 742, 743 (462 SE2d 613) (1995) (recognizing that access to public road must be reasonable); *Gaines v. Lunsford*, 120 Ga. 370, 373 (47 SE 967) (1904) (easement right of way may be available even where grantee has other access to a public road, if the expense of building that access "would be so out of proportion to the value of the estate . . .").

[6] *Miller v. Slater*, 182 Ga. 552, 557 (186 SE 413) (1936).

when [she] has, or can have, a road over [her] own."[7]

Eardley claims that under the rules pertaining to subdivisions, her reliance on the plat, showing the drive over the McGreevy property, is sufficient to establish the existence of an implied easement.[8] "When a grantor sells lots of land, and in his deeds describes them as bounded by streets, not expressly mentioned in the deeds, but shown upon a plat therein referred to as laid out in a subdivision of the grantor's land, he is estopped to deny the grantees' right to use the streets delineated in such plat."[9]

But in those cases in which a common grantor was estopped from denying the existence of an easement based on a plat showing the easement, the plat was either recorded,[10] or referenced in the grantee's deed.[11] In this case, to the contrary, Eardley's deed makes no mention whatsoever of the plat or of any right of way bordering the property, and the plat itself was never recorded.[12] Furthermore, the plat itself merely shows the existence of a drive, but does not describe the drive as any type of right of way for the Eardley property.[13] Under Eardley's reasoning, an unrecorded plat, prepared for anyone in the back chain of title, that showed any type of access route, could bind present and future landowners regardless of whether they had ever seen the plat, or whether they even had any way of finding it. To adopt such a ruling would unreasonably expand the Georgia law of implied easements, and would do great harm to the predictability of land titles.

2. In the alternative, Eardley argues that the trial court had no authority to reject the conclusions of the special master. But in

---

[7] *Russell v. Napier,* 82 Ga. 770, 774 (9 SE 746) (1889); see also *Hasty v. Wilson,* 223 Ga. 739, 748 (158 SE2d 915) (1967).

[8] See *Higgins v. Odom,* 246 Ga. 309 (271 SE2d 211) (1980); *Schreck v. Blun,* 131 Ga. 489 (62 SE 705) (1908).

[9] *Tietjen v. Meldrim,* 169 Ga. 678, 697 (151 SE 349) (1930).

[10] See, e.g., *Westbrook v. Comer,* 197 Ga. 433, 438 (29 SE2d 574) (1944) ("If an owner of land divides it into lots, streets, and alleys, *records a plat thereof,* and conveys lots by reference to the plat . . . the grantee . . . will acquire a private easement. . . .") (emphasis supplied); *Walker v. Duncan,* 236 Ga. 331, 332 (223 SE2d 675) (1976) ("[i]t is well established that where a developer sells lots according to a *recorded plat,* the grantees acquire an easement in any areas set apart for their use") (emphasis supplied).

[11] See, e.g., *Rahn v. Pittman,* 216 Ga. 523, 524 (118 SE2d 85) (1961) (implied easement created when grantee's deed referred to subdivision plat showing right of way).

[12] Generally, a plat prepared from a survey in order to convey a single portion of a tract of land should not be considered a subdivision, as that term is contemplated by the cases cited in footnotes 8-11. In each of those cases, the subdivision involved the creation of multiple lots and streets, evidencing a comprehensive scheme for the development of the property.

[13] See *Miller,* 182 Ga. at 556 (where a plat showed the existence of a driveway, "the word 'Driveway' indicated only the existence of a passage or driveway belonging solely to the seller, and did not show an intention between the parties that any right or use in regard to it was conveyed to the purchaser").

submitting a quiet title case to a special master, the trial court does not cede jurisdiction to render a final decision, and the trial court is not obligated to accept a special master's erroneous legal conclusion.[14]

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 2005 —
RECONSIDERATION DENIED JULY 21, 2005.

*Heyman & Sizemore, William B. Brown, Jacqueline Marcucci,* for appellant.

*Weissman, Nowack, Curry & Wilco, Jeffrey H. Schneider, Mc-Calla, Raymer, Padrick, Cobb, Nichols & Clark, Robert J. Hulsey, Linda S. Finley,* for appellees.

---

[14] *Heath v. Stinson,* 238 Ga. 364, 366 (233 SE2d 178) (1977); *Capers v. Camp,* 244 Ga. 7, 12 (257 SE2d 517) (1979); *Martin v. Patton,* 225 Ga. App. 157 (483 SE2d 614) (1997).