## 54076. HARRIS v. ATLANTIC CREOSOTE COMPANY et al.

BANKE, Judge.

The appellant sued the appellee to recover damages for the wrongful death of her husband. The death resulted when an 18-wheeled tractor-trailer truck, carrying logs and driven by the appellee's employee, collided with a garbage collection vehicle on which the decedent was working. The appeal is from the direction of a verdict for the appellee.

1. The evidence, construed most favorably toward the appellant, indicated that the garbage vehicle was stopped on the road and that the driver of the log truck had an unobstructed view of its location for a distance of approximately 900 feet. The road at point of impact was wide enough so that the driver of the truck could have passed the garbage vehicle on the left without hitting it. No skid marks or tire marks were visible, and the truck came to rest approximately 400 feet beyond the point of impact. A mechanic testified that the brakes on eight of the eighteen wheels on the truck were not functional, but stated that in his opinion the remaining brakes were capable of stopping the fully loaded truck.

Under these circumstances, it was error to direct a verdict for the appellee. Evidence that a driver has run into a vehicle parked in the highway in the daytime will support a finding that he is guilty of negligence where it appears that the parked vehicle is clearly visible from a distance sufficient to allow the driver to avoid the accident. *Fraser v. Hunter,* 42 Ga. App. 329 (156 SE 268) (1930). From the testimony as to the distance from which the driver could have seen the parked vehicle and from the other evidence presented, the jury would have been authorized to conclude that the driver had not exercised ordinary care in failing to avoid the collision. It was accordingly error to direct a verdict for the appellee. See

*Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 448, 451 (224 SE2d 25) (1976); *State Farm Mut. Auto. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878) (1972).

2. The trial court did not err in refusing to allow the investigating officer to give his opinion as to whether the truck could have been stopped had it been traveling the speed limit with good brakes, due to the absence of any testimony as to the truck's actual speed and the omission from the hypothetical question of at least one key material fact, the weight of the truck. See Code Ann. § 38-1710; *Braswell v. Owen of Ga., Inc.,* 128 Ga. App. 528, 529 (2) (197 SE2d 463) (1973). It is true, as urged by the appellant, that a properly qualified expert may testify as to test results indicating the stopping distances required for vehicles at various speeds where the trial court in its discretion determines that the testimony will be of some benefit to the jury in determining the issues before it. See *Shelton v. Rose,* 116 Ga. App. 37, 40 (5) (156 SE2d 659) (1967). Cf. *Atlanta R. & Power Co. v. Monk,* 118 Ga. 449, 455 (5) (45 SE 494) (1903). However, in this case the appellant's counsel never attempted to elicit such information from the investigating officer. Accordingly, it cannot be said that the trial court refused to admit testimony on the matter.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

Argued June 9, 1977 — Decided June 29, 1977.

*Wilson R. Smith,* for appellant.
*Dubberly & Dubberly, B. Daniel Dubberly, Jr.,* for appellees.