32870. MOORE et al. v. DOOLEY et al.

MARSHALL, Justice.

Alleging that they were otherwise landlocked, the appellant-plaintiffs filed a petition against the appellee-defendants for condemnation of a private way of

necessity across the appellees' land. Code Title 83, Private Ways. After finding under Code Ann. § 83-101 (b) (Ga. L. 1967, pp. 143, 144) that the appellants have another reasonable means of access, ingress, and egress to a public road through two other routes which have been open to the public for approximately 30 years, the trial court dismissed the appellants' petition and enjoined them from proceeding further.

The appellants' main argument on appeal seems to be that they did not have any legally enforceable right to use these two other routes, either through an express grant or through the acquisition of prescriptive title. The appellants argue, therefore, that the trial court was not authorized to take into consideration their use of these routes in arriving at the decision that exercise of condemnation would be unreasonable in this case.

A reading of Code Ann. § 83-101 (b) shows this argument to be plainly without merit. Section 83-101 (b) provides in pertinent part that, "where it is made to appear that such condemnor owns a right of access, ingress, and egress to his said property over another route, or owns an easement to a right of private way over another route, which is not less than 20 feet in width, and such alternate route affords such person or corporation a reasonable means of access, ingress, and egress, *or the judge shall find that the exercise of such right of condemnation by the condemnor is otherwise unreasonable,* the judge of the superior court shall be authorized to find, under such circumstances, that the aforesaid condemnation and declaration of necessity constitute an abuse of discretion and enjoin the proceeding." (Emphasis supplied.)

In regard to the appellants' argument that they might be restrained from using these other routes at the whim of the present owners, the statements of this court in *Gaines v. Lunsford,* 120 Ga. 370, 373 (47 SE 967) (1904) are apt. "[I]t was error to allow testimony that the existing settlement road might be closed against the use of plaintiff. He can travel thereon at the present time. That right makes it unnecessary to use the land of defendant. When the way is closed, it will be time enough to determine whether proceedings should be taken to

reopen that or to grant another over the land of defendant."

The appellants argue that the trial judge abused his discretion in finding that these two other routes constitute a reasonable means of access. The appellants premise this argument on the fact that the other routes are more inconvenient to the appellants than the way across the appellees' land. "'"Cases of necessity" ... do not arise except where the way sought to be laid out is absolutely indispensable to the applicant as a means of reaching his property. If there is in existence a way suitable for all purposes for which the property is to be used, a case of necessity does not arise, even though such way may be less convenient than the one proposed.'" *Wyatt v. Hendrix,* 146 Ga. 143, 144 (90 SE 957) (1916).

The errors enumerated by the appellants have been found to be without merit, and the judgment of the trial court is accordingly affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 14, 1977 — DECIDED JANUARY 5, 1978.

*Al D. Tull,* for appellants.
*Archer, Elsey & Vaughan, David N. Vaughan, Jr.,* for appellees.