## 55520. HARRIS v. COLLINS.

WEBB, Judge.

This is the wrongful death case arising out of a collision between a log truck and a parked garbage-collection vehicle previously reported at 142 Ga. App. 695 (236 SE2d 909) (1977), where we reversed the directed verdict for defendants. We held that the jury could infer negligence on the truck driver's part if the parked vehicle he struck was visible from a distance sufficient to allow him to pass by the vehicle and avoid the collision. Accordingly on retrial plaintiff widow sought to introduce evidence on this issue, but the trial court ruled out of evidence a photograph offered to illustrate the driver's view of the collision site from the crest of a hill on his approach, as well as the investigating officer's opinion as to the distance between the crest and the point of impact. A jury verdict for defendants ensued, plaintiff again appeals, and we again reverse.

1. The trial court ruled that the investigating officer could testify as to the distance between the crest of the hill

and the point of collision only if he had actually measured the distance, and could not give his opinion as to it even though the questions put to him were predicated upon "your own knowledge of the accident scene and what you saw when you investigated the accident." The ruling was error. *Hansberger Motor Transportation Co. v. Pate,* 51 Ga. App. 877, 878 (2) (181 SE 796) (1935). "In respect to the opinion testimony as to speeds, time, and distance, it has been held many times that same is very unreliable, but nevertheless, admissible." *Fuels, Inc. v. Rutland,* 123 Ga. App. 23, 28 (179 SE2d 290) (1970).

2. It was also error to rule out the photograph illustrating the driver's view of the scene from the crest of the hill. While the question of the sufficiency of the preliminary proof is ordinarily a question committed to the discretion of the trial court (*Johnson v. State,* 158 Ga. 192, 198 (2) (123 SE 120) (1924)), an unsubstantial change in conditions between the time of the accident and the time when the photograph is made is not sufficient to exclude it. *City of Thomasville v. Crowell,* 22 Ga. App. 383, 385 (4) (96 SE 335) (1918).

The only difference here is that the photograph showed speed-limit signs that were erected subsequent to the collision. This circumstance was not sufficient to exclude the photograph since neither the speed limit nor the existence of signs was in controversy.

3. The erroneous rulings of the court excluding the only photographs of the view from the crest of the hill, as well as the investigating officer's estimate of the distance between them, effectively eviscerated plaintiff's theory that the truck driver had a clear view of the parked vehicle at a distance sufficient to allow him to avoid colliding with it; and accordingly the errors were harmful requiring a new trial.

4. After judgment on the remittitur in the previous appeal plaintiff moved for appeal costs in securing the reversal as provided for by Code Ann. § 6-1704, but the trial court denied the application on the ground that it was premature. In this the court erred, as appellant is entitled to judgment for the costs "as soon as the remittitur is returned to the court below." Code Ann. § 6-1704. Additionally, in entering judgment upon the remittitur

after the instant appeal, "the trial court is also to assess against appellees the cost of this appeal. . ." *Herring v. Ferrell,* 137 Ga. App. 156, 158 (223 SE2d 213) (1976).

5. Other complained-of matters, if error, are either insufficient to cause reversal or are not likely to recur upon another trial.

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

Submitted March 7, 1978 — Decided April 6, 1978 — Rehearing denied May 3, 1978.

*Wilson R. Smith,* for appellant.
*Dubberly & Rahn, B. Daniel Dubberly, Jr., A. Rahn, III,* for appellee.

