## 57411. HARRIS v. COLLINS.

UNDERWOOD, Judge.

As we said in the last appearance of this dispute, "[t]his is the wrongful death case arising out of a collision between a log truck and a parked garbage collection vehicle previously reported at 142 Ga. App. 695 (236 SE2d 909) (1977), where we reversed the directed verdict for defendants. We held that the jury could infer negligence on the truck driver's part if the parked vehicle he struck was visible from a distance sufficient to allow him to pass by the vehicle and avoid the collision. Accordingly on retrial plaintiff widow sought to introduce evidence on this issue, but the trial court ruled out of evidence a photograph offered to illustrate the driver's view of the collision site from the crest of a hill on his approach, as well as the investigating officer's opinion as to the distance between the crest and the point of impact. A jury verdict for defendants ensued, plaintiff again appeals, and we again reverse." *Harris v. Collins,* 145 Ga. App. 827 (245 SE2d 13) (1978).

Upon the ensuing third trial the court below allowed the photographs and opinion in evidence but erroneously allowed counsel for defendant to read law in the presence of the jury, and further erred in allowing in evidence a hearsay vehicle inspection report. For those reasons, more fully stated in Divisions 3 and 4, we must again reverse and remand for a new trial, although we find insufficient cause for reversal in the enumerations of error we treat preliminarily.

1. Plaintiff asserts in Enumeration 9 that the evidence was conclusive and uncontradicted that the negligence of the log-truck driver was the sole proximate cause of the collision and the death of her husband, who was emptying garbage into the "garbage train" at the time, and that the court therefore erred in overruling her motion for directed verdict as to liability. We disagree, however, as the jury would have been authorized to

conclude that the deceased driver of the "train," which consisted of a jeep towing a series of three trailers, may have been negligent in some degree by parking it at an angle in the road, which was a state highway, thereby constricting the space for passage of the highway traffic. At the time of trial there were no surviving eyewitnesses to the occurrence, and whether or not the driver of the log truck had sufficient time and maneuvering room to avoid colliding with the "train" was peculiarly a matter for determination by the jury and not by the court.

2. Plaintiff complains that although the trial court "is vested with large discretion in the conduct of judicial proceedings, and he may properly admonish the jury as to the desirability and importance of agreeing on a verdict..." *Arkansas Fuel Oil Co. v. Andrews Point Co.*, 64 Ga. App. 595, 600 (4) (13 SE2d 738) (1941), the outside limits of that discretion were necessarily reached when the "dynamite" charge was delivered after only one hour of jury deliberation. No authority is cited in support of this proposed arbitrary time limit, and we decline to adopt it here in view of the fact that the charge was delivered at a natural break in the proceedings after the jurors had deliberated one hour and had then gone on a lunch break for one hour, from which they were returning when the charge was delivered.

3. In *Central of Ga. R. Co. v. Sellers,* 129 Ga. App. 811 (201 SE2d 485) (1973), we clearly held that whatever may have been the justification for reading law to the court in the presence of the jury ended with the enactment of the law found at Code Ann. § 70-207 (b), providing for the procedure with respect to requests to charge, and that "[r]eading excerpts from decisions of appellate courts of this state in the presence of the jury at the commencement of oral argument, constitutes reversible error." *Sellers,* supra, headnote 4. We find from the record that counsel for defendant read from the Code and from an appellate decision in clear violation of *Sellers* and, pursuant to that decision, reversal must follow.

4. The court, over plaintiff's objection, allowed in evidence motor vehicle inspection stickers or receipts for defendant's truck and trailer, and they were introduced for the purpose of proving the truth of the matter

contained in the writings, i.e., that the brakes were, as indicated on the writings, "OK." The writings were made by a person not available for cross examination and were clearly hearsay; and, since there was no foundation laid as required by the Business Records Act, Code Ann. § 38-711, they could not come in under that Act. "Preliminary proof is necessary before the writing or record is admissible under this exception (to the hearsay rule). The evidence should include identification of the writing or record by a witness who is familiar with the method of keeping records and who can testify thereto and to facts which show that the entry was made in the regular course of business and that it was the regular course of the business to make such memorandum or record at the time of the event or within a reasonable time thereafter." Green, The Georgia Law of Evidence 619, § 313; *Martin v. Baldwin,* 215 Ga. 293, 302 (4) (110 SE2d 344) (1959); *Walburn v. Taunton,* 107 Ga. App. 411 (2) (130 SE2d 279) (1963).

Since the preliminary proof was not forthcoming, and since no other ground for admissibility has been made to appear, reversal must follow in view of the materiality of the issue as to the condition of the brakes.

5. In the remaining enumerations plaintiff contends that the evidence was not sufficient to authorize various charges objected to at trial. "To warrant the court in charging the jury on a given topic it is not necessary that the evidence should shine upon it with a clear light but 'it is enough if glimpses of it be afforded by the evidence.' *Brown v. Matthews,* 79 Ga. 1 (2) (4 SE 13)." *Walden v. State,* 121 Ga. App. 142, 145 (1) (173 SE2d 110) (1970). We find "glimpses" sufficient to warrant the complained-of charges with the exception of the charge on the "leading vehicle" doctrine, and upon retrial that charge should not be given if the evidence shows as here that the "garbage train" was parked.

*Judgment reversed. Banke, P.J., and Carley J., concur.*

SUBMITTED MARCH 5, 1979 — DECIDED APRIL 13, 1979.

*Wilson R. Smith,* for appellant.
*Dubberly & Rahn, B. Daniel Dubberly, Jr.,* for appellee.