## 71358. FREEMAN et al. v. DEPARTMENT OF TRANSPORTATION.
### (338 SE2d 484)

BANKE, Chief Judge.

This is a condemnation case involving 2.627 acres of land located at the "Brookwood Interchange" of I-75 and I-85 in Atlanta. The property was bordered on one side by existing interstate property and on the remaining sides by property owned by Southern Railway. It is undisputed that in December 1980, the time of taking, the property was landlocked, i.e., it did not border upon a public street. Two DOT experts testified, respectively, that the property was worth $36,900 and $57,000. The owners' witnesses, on the other hand, testified that the property was suitable for an office building or hotel and offered estimates of its value ranging from $750,000 to more than $1,000,000. On appeal from a judgment entered on a jury verdict awarding them compensation in the amount of $85,828.70, the owners enumerate as error the trial court's refusal to give their requested charge concerning the availability of a procedure under Georgia law enabling the owner of landlocked property to petition for a "private way" easement of access over the lands of another. See OCGA § 44-9-40. *Held*:

"It has long been the policy of the Georgia appellate courts to be liberal in allowing matters to be considered by the jury which might affect their collective mind in determining the just and adequate compensation to be paid the condemnee. In Georgia the condemnee is entitled to recover for the value of property based on its special adaptability for uses . . . [T]he Georgia courts have permitted almost any possibility to be submitted to the jury which might shed light on the true value of the property, subject only to the limitations that the matter must not be merely remote or speculative and its consideration must be authorized by the evidence." *Civils v. Fulton County*, 108 Ga. App. 793, 796 (134 SE2d 453) (1963) (approving a charge which allowed the jury to consider the possibility or probability that zoning restrictions might be repealed or amended to permit some intended use). See also *State Hwy. Dept. v. Davis*, 129 Ga. App. 142 (3) (199 SE2d 275) (1973) (holding that the Highway Department was entitled to the same charge requested by the appellants in the present

case, where it sought to mitigate the extent of the condemnee's consequential damages by demonstrating the availability of a private way easement).

A central issue before the jury in this case was the effect of the property's landlocked condition upon its value. In fact, one of the DOT's experts admitted having previously used the word "ridiculous" in discussing whether his valuation of the property would be the same if there were no access problem; and the trial court charged the jury that the question of access or lack thereof was a major issue in the trial, which they would have to consider in deciding the potential uses and value of the property. The DOT argues that the requested charge was inappropriate because the appellants' valuation of the property was based on grandiose and impractical plans for the property, which would not have been feasible with only a 20-foot easement of access. However, we cannot assume that even the limited access permitted by the statute would not have had some impact on the jury. The requested charge was relevant to the value issue and was a proper statement of the law. The refusal of the trial court to charge a pertinent and applicable principle of law with respect to a major contention of the appellants upon a timely written request must be considered error. See *Wallace v. Willis*, 111 Ga. App. 576 (2) (142 SE2d 383) (1965).

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 13, 1985 —
REHEARING DENIED NOVEMBER 22, 1985 —

*Paul Webb, Jr., Philip S. Coe, Laurie W. Daniel*, for appellants.
*John R. Strother, Jr., Beryl H. Weiner, Thomas C. Dempsey, J. Matthew Dwyer, Jr., James S. S. Howell*, for appellee.