42638. THE IVY INN, INC. et al. v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.
(340 SE2d 600)

HILL, Chief Justice.

This case, which involves the admissibility of evidence of consequential benefits, arises from a condemnation by the Metropolitan Atlanta Rapid Transit Authority (MARTA) of part of a parcel of property owned by the Ivy Inn, Inc., and others (condemnees). The property was condemned for use in conjunction with a MARTA station. Predictably, the announcement and subsequent construction of

the MARTA station caused the value of adjoining property to appreciate dramatically. In fact, the condemnees conceded that the increase in value of the remainder of their property exceeded any harm it suffered; i.e., consequential benefits exceeded consequential damages.

Having affirmatively waived any claim for consequential damages, the condemnees sought to prohibit any evidence by the condemnor's experts as to consequential benefits to the remainder. The condemnee's objections were overruled, and condemnor's experts were allowed to discuss and put monetary values on the consequential benefits to the portion of condemnee's land not taken. On appeal, a majority of the Court of Appeals affirmed. *The Ivy Inn, Inc. v. MARTA*, 175 Ga. App. 580 (334 SE2d 319) (1985). We granted certiorari to determine whether the trial court erred in admitting evidence of enhancement of the value of the land not taken. We conclude that it did not under the facts of this case, and affirm.[1]

There is unusual unanimity about the principles of law involved in the case. Both parties agree that a condemnee is entitled to recover the value, at the time of taking, of the land taken, and that evidence showing an enhancement in its value, as of the time of taking, resulting from the previously announced plans of the condemnor is admissible. *Hard v. Housing Auth. of the City of Atlanta*, 219 Ga. 74 (132 SE2d 25) (1963). Both also agree that if the condemnee has adjacent land, not taken, which enjoys an enhanced value immediately after the taking (consequential benefits), those consequential benefits cannot be deducted from the value of the land actually taken; they may only be used to offset consequential damages to the remainder. *Merritt v. Dept. of Transp.*, 147 Ga. App. 316, 317 (248 SE2d 689) (1978), reversed on other grounds, 243 Ga. 52 (252 SE2d 508) (1979).[2]

The problem here is a practical one. The condemnor contends that an appraiser cannot testify effectively and persuasively unless he is allowed to explain himself thoroughly; i.e., one cannot require an appraiser to avoid all reference to consequential benefits. The condemnees contend that one must avoid such references — arguing that where, as here, consequential benefits are high, reference to them is prejudicial because the jury is likely to feel that the condemnee has enjoyed a windfall and to compensate for it by reducing its award for the property taken. The solution, according to the condemnor, is to admit the evidence and carefully charge the jury as to the extent to which it may be considered, which was done here. But the condemnees dispute the efficacy of such a charge. The solution, they con-

---

[1] For a case involving jury instruction as to the values of the part taken and the remainder, see *Dept. of Transp. v. Gunnels*, 255 Ga. 495 (340 SE2d 12) (1986).

[2] For a case involving the time for measuring consequential damages to the remainder, see *Wright v. MARTA*, 248 Ga. 372 (283 SE2d 466) (1981).

tend, is simply not to admit the evidence because as long as consequential damages are not sought, evidence of consequential benefits is irrelevant. We adopt neither of these views.

We agree with the condemnees that evidence of consequential benefits to the remainder ordinarily should not be admitted where consequential damages are not sought. While it is quite true that an appraiser for the condemnor often will discuss post-condemnation enhanced values of property in the vicinity in order to explain why the condemnees' evidence shows such property has a higher value, in many cases this can be done without specific reference to the remainder.

In this case, however, the condemnees choose to introduce evidence of the post-condemnation value of the remainder as tending to show the value of the property taken.[3] The condemnor's motion in limine to exclude evidence of a contract for purchase of the remainder entered into a year and a half after the condemnation was successfully opposed by condemnees,[4] and the contract was referred to in condemnees' opening statement and was admitted into evidence. Given that state of facts, it would be unreasonable not to allow condemnor's experts to explain the impact of the condemnation on the remainder.[5] As the Court of Appeals held, "The evidence as to consequential damages and consequential benefits being relevant in the context of this case as tried by the parties, there was no error in its admission." (175 Ga. App. at 582, 334 SE2d at 321.)

We hold that where the condemnee introduces into evidence a post-condemnation contract to purchase the remainder, the condemnor's experts may testify as to the consequential benefits to the remainder.

*Judgment affirmed. All the Justices concur, except Clarke and Smith, JJ., who dissent.*

DECIDED MARCH 11, 1986 —
RECONSIDERATION DENIED APRIL 1, 1986.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,* for

---

[3] In this case, the date of taking was July 30, 1982; the trial was conducted in June 1984.

[4] Condemnor's motion in limine was based both on the argument that the evidence was inadmissible because the contract was actually no more than an option, and on the argument that it was irrelevant because it was entered into a year and a half after the condemnation.

[5] We note that in cases where the condemnee has not made its intention to introduce evidence of the post-condemnation value of the remainder clear, the condemnor closes without presenting such evidence, and the condemnee then uses the post-condemnation value of the remainder to establish the value at the time of taking of the property taken, the condemnor should be allowed to present evidence in rebuttal.

appellants.

*Kutak, Rock & Campbell, Charles N. Pursley, Jr.,* for appellee.