43030. INTERNATIONAL PAPER REALTY CORPORATION
v. MILLER.
(341 SE2d 445)

GREGORY, Justice.

The condemnor in this case, International Paper Realty Corporation, owns 57.69 acres in Baldwin County, bordered on the north and east by lands owned by condemnee Billy Miller, and bordered entirely on the south and west by Lake Sinclair, a navigable waterway. Contending it has no reasonable means of access to its property, the condemnor petitioned under OCGA § 44-9-40[1] et seq., for a private way

---

[1] OCGA § 44-9-40 provides,

"(a) The superior court shall have jurisdiction to grant private ways to individuals to go

across the condemnee's property. Following a hearing the trial court denied the petition for a private way, concluding the condemnor failed to carry its burden of proving that access to its property by way of navigable water is not reasonable.[2] OCGA § 44-9-40 (b); *Kellett v. Salter*, 244 Ga. 601 (261 SE2d 597) (1979).

In order to prove the necessity of a private way, OCGA § 44-9-40 (b) requires the condemnor to show he has no reasonable means of access to his property. *Kellett v. Salter*, supra at 602. Where the condemnor proves that he has *no* access to his property, i.e., that it is landlocked, he makes out a prima facie case of necessity under the statute. The burden of persuasion then shifts to the condemnee to prove the condemnor has a reasonable means of access to the property.

Where the condemnor's property is bounded entirely by the lands of others and navigable waters, it cannot be said that he has *no* access to his property. The issue becomes whether, under the statute, the navigable waters afford him *reasonable* access. In our view in this day and age, a navigable stream is seldom considered a reasonable way to travel to and from one's property. This being the case, we think it is efficient, and the better rule for society as a whole, to treat property to which there is no access other than by navigable waterway as property to which there is presumptively no *reasonable* means of access for purposes of proving necessity under OCGA § 44-9-40 (b). Thus where the condemnor establishes that the only access to his property is by way of navigable waters, he has established a prima facie case that he has no reasonable means of access under OCGA §

---

from and return to their property and places of business. Private ways shall not exceed 20 feet in width and may be as much less as the applicant may choose or as the court may find to be reasonably necessary. They shall be kept open and in repair by the person on whose application they are established or his successor in title.

"(b) When any person or corporation of this state owns real estate or any interest therein to which the person or corporation has no means of access, ingress, and egress and when a means of ingress, egress and access may be had over and across the lands of any private person or corporation, such person or corporation may file his or its petition in the superior court of the county having jurisdiction; said petition shall allege such facts and shall pray for a judgment condemning an easement of access, ingress, and egress not to exceed 20 feet in width over and across the property of the private person or corporation. The filing of the petition shall be deemed to be the declaration of necessity; however, where it appears that the condemnor owns a right of access, ingress, and egress to his property over another route or owns an easement to a right of private way over another route, which right or easement is not less than 20 feet in width and which alternate route affords such person or corporation a reasonable means of access, ingress and egress or where the judge shall find the exercise of such right of condemnation by the condemnor is otherwise unreasonable, the judge of the superior court is authorized under such circumstances to find that the condemnation and the declaration of necessity constitute an abuse of discretion and to enjoin the proceeding."

[2] The trial court ruled the condemnor failed to show it could not utilize barges on or build a bridge across Lake Sinclair.

44-9-40 (b). The burden then shifts to the condemnee to go forward with the evidence and demonstrate that access to the navigable waters constitutes a reasonable means of access under the peculiar circumstances of the case.

Our decision that it is presumed that navigable waters do not provide reasonable access to otherwise landlocked property is consistent with the modern view that access by water will not preclude the grant of a way of necessity. See *Cale v. Wanamaker*, 121 N. J. Super. 142 (296 A2d 329) (1972); *Hancock v. Henderson*, 236 Md. 98 (202 A2d 599, 602) (1964); *Cookston v. Box*, 160 NE2d 327 (Ct. App. Ohio) (1959); *Redman v. Kidwell*, 180 S2d 682 (Dis. Ct. Fla.) (1965); 9 ALR3d 600, § 3.

We recognize that the statute does not expressly deal with either navigable waters or the burden of proving whether navigable waters constitute reasonable access. It is necessary in this case to fashion a rule for these circumstances. Since the trial court did not have the benefit of the rule we here lay down, we remand the case in order that the trial court may hear additional evidence, if the parties choose to offer it, and allocate the burden of proof consistent with this opinion.[3]

*Judgment reversed and remanded. Marshall, C. J., Smith, Weltner and Bell, JJ. concur. Clarke, P. J., dissents.*

DECIDED APRIL 9, 1986.

*Parker, Johnson, Cook & Dunlevie, G. William Long III*, for appellant.

*Robert H. Herndon*, for appellee.

---

[3] If the result under the rule we announce in this case is that the condemnor is entitled to the grant of a private way, its location will be determined in accordance with the rules stated in *Charleston &c. R. Co. v. Fleming*, 119 Ga. 995 (47 SE 541) (1904) and *Wyatt v. Hendrix*, 146 Ga. 143 (90 SE 957) (1916).