### 76069. DEPARTMENT OF TRANSPORTATION
### v. FREEMAN et al.
#### (371 SE2d 887)

SOGNIER, Judge.

Robert Freeman and the other owners of 2.627 acres of land at the "Brookwood Interchange" of I-75 and I-85 in Atlanta were awarded $400,000 by the jury in this condemnation proceeding. The Department of Transportation appeals from the trial court's denial of its motion for new trial.

The property in question is landlocked between the interstate highways and the property owned by Southern Railroad, which operates the Brookwood Station. In an earlier appeal, in which the facts of this case are set forth more fully, we reversed the jury verdict for the trial court's failure to give condemnees' requested charge concerning the availability of the procedure set forth in OCGA § 44-9-40 authorizing the grant of a private way to a property owner with no means of ingress, egress or access to his property. *Freeman v. Dept. of Transp.*, 177 Ga. App. 51 (338 SE2d 484) (1985).

1. Appellant contends that the trial court's failure to give appellant's request to charge no. 39, in which the full provisions of OCGA § 44-9-40 were set forth, constituted reversible error. OCGA § 44-9-40 provides: "(a) The superior court shall have jurisdiction to grant private ways to individuals to go from and return to their property and places of business. Private ways shall not exceed 20 feet in width and may be as much less as the applicant may choose or as the court may find to be reasonably necessary. They shall be kept open and in repair by the person on whose application they are established or his successor in title. (b) When any person or corporation of this state owns real estate or any interest therein to which the person or corporation has no means of access, ingress, and egress and when a means of ingress, egress, and access may be had over and across the lands of any private person or corporation, such person or corporation may file his or its petition in the superior court of the county having jurisdiction; said petition shall allege such facts and shall pray for a judgment condemning an easement of access, ingress, and egress not to exceed 20 feet in width over and across the property of the private person or corporation. The filing of the petition shall be deemed to be the declaration of necessity; however, where it appears that the condemnor owns a right of access, ingress, and egress to his property over another route or owns an easement to a right of private way over another route, which right or easement is not less than 20 feet in width and

which alternate route affords such person or corporation a reasonable means of access, ingress, and egress, or *where the judge shall find that the exercise of such right of condemnation by the condemnor is otherwise unreasonable, the judge of the superior court is authorized under such circumstances to find that the condemnation and the declaration of necessity constitute an abuse of discretion and to enjoin the proceeding.*" (Emphasis supplied.)

The trial court charged the legal principles of all but the emphasized language in OCGA § 44-9-40 (b) in its instructions to the jury. Appellant argues that the absence of the above-emphasized language in the charge constituted reversible error in that the possibility presented in that language, that the superior court might refuse to proceed with the condemnation of a private easement providing access to appellees' property by virtue of the condemnation being unreasonable, was improperly removed from the jury's consideration. We reject appellees' argument that the "otherwise unreasonable" language in OCGA § 44-9-40 does not apply to a determination whether a private way may be condemned when landlocked property is involved. The language of the statute does not support an interpretation that the question of reasonableness is not applicable when the property sought to be accessed by a private way is landlocked. "In order to prove the necessity of a private way, OCGA § 44-9-40 (b) requires the condemnor to show he has no reasonable means of access to his property. [Cit.] Where the condemnor proves that he has *no* access to his property, i.e., that it is landlocked, he makes out a prima facie case of necessity under the statute. The burden of persuasion then shifts to the condemnee to prove the condemnor has a reasonable means of access to the property." *International Paper Realty Corp. v. Miller*, 255 Ga. 676, 677 (341 SE2d 445) (1986). The "prima facie case of necessity" shown by the existence of landlocked property does not equate to an absolute entitlement to a private way to such property regardless of the reasonableness involved. For example, had the only means of accessing appellees' property mandated the destruction of Brookwood Station, a structure on the historical building register, a superior court judge could have considered the grant of a private way to the landlocked property to be unreasonable and enjoined it. Thus, neither the statute nor the case law supports appellees' interpretation of OCGA § 44-9-40.

However, we find no reversible error in the trial court's refusal to charge appellant's request to charge no. 39 because, while correct as an abstract principle of law, it was not adjusted to the evidence adduced at trial. While there was evidence that the potential grantor of the private way, Southern Railroad, would have vigorously opposed the creation of a private way for obvious safety reasons if a grade level crossing of its tracks had been involved, appellees' evidence re-

flected plans for accessing the property by tunnel or bridge over the tracks. There was no evidence a private way obtained by bridge or tunnel to the property would be unreasonable; the only evidence even addressing these plans was the testimony of one railroad official who stated that he would have opposed the access because the *construction* would have interfered with the railroad's business. The same official also acknowledged that the interference the railroad had experienced during the construction of the tunnel currently providing railroad employees access under the rails had ceased.

Although appellant points to evidence that accessing the major commercial building appellees claimed they would have built on the landlocked property would have required more than the twenty foot private way, there was no evidence appellees would have been legally prevented from constructing the building due to the twenty-foot limitation and we do not find the feasibility of implementing a grantee's plans for the landlocked property to be relevant to the question whether granting the private way would be "otherwise unreasonable." The feasibility issue was appropriately left for jury consideration in regard to the claimed value of the condemned property and was posited to the jury in a charge that thoroughly presented the possibility that appellees' plans for the property would be subject to the twenty-foot private way limitation. The jury rendered a verdict which this court should uphold if it can be done in accordance with the law, *Bob Lairsey Ins. Agency v. Allen*, 180 Ga. App. 11, 12 (1) (348 SE2d 658) (1986), and since the law does not require the giving of a charge that is not pertinent and adjusted to the facts, see *Revbar Corp. v. Marthaler*, 180 Ga. App. 559, 560 (1) (349 SE2d 795) (1986), the trial court did not err by refusing to charge appellant's request to charge no. 39.

2. Appellant contends the trial court erred by admitting evidence of property development plans drawn up by an architect in 1962 and a local newspaper article published in 1965 discussing plans for the rebuilding of the Brookwood Interchange on the basis that they were not relevant to the issue of value on the date of taking. Appellant argues that appellees sought by the admission of this evidence to obtain compensation for any inability to utilize fully the property prior to the actual condemnation thereof, citing *Josh Cabaret v. Dept. of Transp.*, 256 Ga. 749-750 (4) and (5) (353 SE2d 346) (1987). However, the record reveals that the testimony regarding appellees' development plans was admitted as relevant to the jury's determination whether a reasonable probability existed that the land could be used for commercial purposes as contended, see *Georgia Power Co. v. Cole*, 141 Ga. App. 806-807 (1) (234 SE2d 382) (1977); see also *Dept. of Transp. v. Pilgrim*, 175 Ga. App. 576, 578 (2) (333 SE2d 866) (1985), and the newspaper article was admitted to explain why appellees did

not follow through with their development plans. See OCGA § 24-3-2. The evidence thus served to rebut appellant's position at trial that appellees never intended to develop the property commercially. " 'Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it. [Cits.]' [Cit.]" *Weathers v. Cowan,* 176 Ga. App. 19, 20 (1) (335 SE2d 392) (1985). Appellant's reference to *Josh Cabaret* is therefore inapt, and we find no abuse of the trial court's discretion by admitting this evidence.

3. We find no merit in appellant's contention that the admission of testimony by two expert witnesses on behalf of appellees, Julian Diaz and Carl Tschappat, improperly introduced evidence relative to the value of appellees' property subsequent to the taking. The record reveals that both witnesses clearly based their opinions regarding the value of appellees' property as of the date of taking in December 1980. The complained-of testimony by both witnesses merely reflected their recognition that the real estate market in 1980 was beginning to undergo dramatic changes as to property values in the midtown area where appellees' property is situated, and that the manifestation of that change in the years following had confirmed their opinions of the trend. The record thus does not support appellant's contention and *Wright v. MARTA,* 248 Ga. 372 (283 SE2d 466) (1981), cited by appellant, is inapposite.

*Judgment affirmed. Birdsong, C. J., Banke, P. J., Pope, Benham, and Beasley, JJ., concur. Deen, P. J., concurs and also concurs specially. McMurray, P. J., and Carley, J., dissent.*

DEEN, Presiding Judge, concurring specially.

While concurring fully in the majority opinion, I would like to make the following observations:

1. In the prior appearance of this case, we ruled that the court below erred in not giving the condemnees' requested charge "concerning the availability of a procedure under Georgia law enabling the owner of landlocked property to petition for a 'private way' easement of access over the lands of another. See OCGA § 44-9-40." *Freeman v. Dept. of Transp.,* 177 Ga. App. 51 (338 SE2d 484) (1985). The trial court was therefore bound by "the law of the case which [it] properly followed in conducting the jury trial. OCGA § 9-11-60 (h), [Cits.]" *Westinghouse Elec. Corp. v. Rider,* 168 Ga. App. 136, 138 (308 SE2d 378) (1983).

Appellant's sole objection was to the failure of the court to give its requested charge which was a verbatim statement of the Code section. The court, however, did give appellees' requested charge, which was a summary of the statute.

A charge need not be given in the exact language of the request to charge. *Shirley v. State,* 245 Ga. 616 (266 SE2d 218) (1980). "[I]f

the charge given fairly covers the subject matter of requested charges, it is not error to fail to give the requests." *Nolen v. Murray Indus.*, 165 Ga. App. 785, 788 (302 SE2d 689) (1983). An examination of the charge reveals that appellant's request to charge was fairly covered by the charge which was given by the trial court. Portions of the requested charge which were not covered in the charge were not authorized by the evidence.

A charge giving a summary of the statutory section dealing with private ways is sufficient. *State Hwy. Dept. v. Davis*, 129 Ga. App. 142 (199 SE2d 275) (1973). See also *State Hwy. Dept. v. Howard*, 119 Ga. App. 298 (167 SE2d 177) (1969). Failure to charge that a petition for a private way may be enjoined if unreasonable was not error because it was not authorized by the evidence. Proof of the reasonableness of a private way is not a prerequisite to the grant of a private way under OCGA § 44-9-40, where the property is landlocked. *International Paper Realty Corp. v. Miller*, 255 Ga. 676 (341 SE2d 445) (1986). In the instant case, the property was landlocked and the reasonableness of a private way did not become an issue at trial. It was therefore not error for the court to fail to charge that the petition could be enjoined if unreasonable.

2. The Department of Transportation maintained at trial that the condemnees' property was purely a speculative investment which never was and never could be reasonably expected to be commercially developed. To rebut this contention, the condemnees offered evidence that in 1962 they had employed an architect who had drawn up plans for a commercial building on the property, and that they had discussed developing the property with a real estate developer. They also offered evidence that in 1965 the *Atlanta Journal* published an article announcing plans to rebuild the Brookwood Interchange. The condemnees offered this latter evidence to explain their reason for failing to develop the property as planned and to rebut the contention that the property was not developed because of an access problem with the site. The Department of Transportation objected to the development plans on the ground that they were not relevant to the value of the property as of the date of the taking, and to the newspaper article on the ground that it was hearsay..

The admission of this evidence was proper. The testimony as to the development plans helped establish the condemnees' position that it was possible to develop the property. See *State Hwy. Dept. v. Thomas*, 106 Ga. App. 849 (128 SE2d 520) (1962). Testimony about the newspaper article was given to explain the conduct of the condemnees in not following through with their development plans. Appellant now complains for the first time, on appeal, that it was not relevant as to value. " 'An objection to the admission or exclusion of evidence must be *specifically* raised at trial in order to be heard on

appeal. [Cits.]' " *Herron v. MARTA*, 177 Ga. App. 201, 202 (338 SE2d 777) (1985).

3. An examination of the testimony of the condemnees' two witnesses shows that, contrary to appellant's assertion, they did not testify as to the value of the land at the time of trial, but as to its value at the time of the taking. Mr. Diaz testified that changes in land value in the area began about 1980 and that his ultimate opinion in value related only to the date of the taking, although he did compare the dramatic changes in land values from about 1980 until approximately a year before trial. The other witness testified that the market in the area was depressed in the 1970's, but shifted to a strong market by late 1980, and that the passage of six years confirmed his opinion. He also made it clear that his opinion as to the value of the property was based on its value in December 1980. The Department of Transportation's objections were therefore properly overruled. See *Ivy Inn v. MARTA*, 255 Ga. 557, 559 (340 SE2d 600) (1986); *Dept. of Transp. v. Whitehead*, 169 Ga. App. 226, 229 (312 SE2d 344) (1983).

CARLEY, Judge, dissenting.

I cannot agree with the majority that the trial court did not err in refusing to give appellant's request to charge No. 39 which is the entirety of OCGA § 44-9-40 as follows: "(a) The superior court shall have jurisdiction to grant private ways to individuals to go from and return to their property and places of business. Private ways shall not exceed 20 feet in width and may be as much less as the applicant may choose or as the court may find to be reasonably necessary. They shall be kept open and in repair by the person on whose application they are established or his successor in title. (b) When any person or corporation of this state owns real estate or any interest therein to which the person or corporation has no means of access, ingress, and egress and when a means of ingress, egress, and access may be had over and across the lands of any private person or corporation, such person or corporation may file his or its petition in the superior court of the county having jurisdiction; said petition shall allege such facts and shall pray for a judgment condemning an easement of access, ingress, and egress not to exceed 20 feet in width over and across the property of the private person or corporation. The filing of the petition shall be deemed to be the declaration of necessity; however, where it appears that the condemnor owns a right of access, ingress, and egress to his property over another route or owns an easement to a right of private way over another route, which right or easement is not less than 20 feet in width and which alternate route affords such person or corporation a reasonable means of access, ingress, and egress, or *where the judge shall find that the exercise of such right of condemnation by the condemnor is otherwise unreasonable, the judge of the superior*

*court is authorized under such circumstances to find that the con-demnation and the declaration of necessity constitute an abuse of discretion and to enjoin the proceeding."* (Emphasis supplied.)

As the majority properly recognizes, it is especially the empha-sized portion of the Code section which forms the basis of appellant's contention that harmful error occurred in the refusal of the trial court to give the requested charge. The appellant presented evidence that the owner of the property over which any right-of-way would have to be obtained would vigorously oppose such right-of-way and that under the particular circumstances involved, any such right-of-way would be "unreasonable." The charge was adjusted to the evidence and should have been given.

The majority correctly holds that "[t]he 'prima facie case of ne-cessity' shown by the existence of landlocked property does not equate to an absolute entitlement to a private way to such property regardless of the reasonableness involved." (Majority opinion, page 884.) But the majority then concludes that the trial court's refusal to charge appellant's request to charge No. 39 was not reversible error because the requested charge was not "adjusted to the evidence ad-duced at trial." (Majority opinion, page 884.) However, it is clear from a review of the evidence offered at trial that appellant relied exten-sively upon its evidence showing, both explicitly and implicitly, that the creation of a private right-of-way would be unreasonable and *might* be refused by the superior court.

"To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it. [Cits.]" *Morse v. MARTA,* 161 Ga. App. 405, 406 (1) (288 SE2d 275) (1982). " 'To warrant the court in charging the jury on a given topic it is not necessary that the evidence should shine upon it with a clear light but "it is enough if glimpses of it be af-forded by the evidence." [Cit.]' [Cit.]" *Harris v. Collins,* 149 Ga. App. 638, 640 (5) (255 SE2d 107) (1979). The condemnor's evidence raised the issue of the reasonableness of the grant of a private right-of-way to appellees. The condemnor's argument in this connection may or may not have been viable, and that was for the jury to determine. However, in determining that issue, the jury should have been charged as to the entire Code section so that it would be aware of the possibility of a denial of such a private right-of-way.

For the above reasons, I believe that the trial court committed reversible error in refusing to give the requested charge. See *Dept. of Transp. v. Pilgrim,* 175 Ga. App. 576, 577 (1c) (333 SE2d 866) (1985). Therefore, I respectfully dissent.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

Decided July 7, 1988 —
Rehearing denied July 20, 1988 — 

Dennis S. Mackin, J. Matthew Dwyer, Jr., Beryl H. Weiner, Michael J. Bowers, Attorney General, for appellant.
Paul Webb, Jr., Laurie Webb Daniel, for appellees.