A89A0169. DEPARTMENT OF TRANSPORTATION
v. SWANSON.
(382 SE2d 711)

SOGNIER, Judge.

The Department of Transportation initiated condemnation proceedings against .801 acre of land owned by La Myra Kane Swanson, paying $39,130 into court. At trial Swanson introduced evidence that the fair market value of the property was $244,000. The jury verdict set the just and adequate compensation due Swanson at $132,000 and judgment was entered thereon. DOT appeals.

1. Appellant contends the trial court erred by allowing appellee's counsel to elicit from appellant's expert on cross-examination the fact that the condemned property had been appraised by two other appraisers and the names of those appraisers. Neither appraiser was called as a witness by either party.

While any party can call as his own witness an expert real estate appraiser who had evaluated the property on behalf of the opposing

party and compel that appraiser to testify to his opinion about the value of the property, *Logan v. Chatham County*, 113 Ga. App. 491-492 (1) (148 SE2d 471) (1966), and while that expert witness can properly testify that he did appraisal work for the opposite party in the past, *Department of Transp. v. Cochran*, 160 Ga. App. 583, 585 (2) (287 SE2d 599) (1981), both *Logan* and *Cochran* established that an expert witness employed by one party and called to testify by the other party cannot be questioned in regard to his employment by the opposing party to appraise the property in issue between the parties. *Department of Transp. v. Wright*, 169 Ga. App. 332, 336-337 (2) (312 SE2d 824) (1983) extended the rationale in *Logan* and applied it to a situation where the DOT alleged as error the trial court's exclusion of any reference at trial to the fact that two expert witnesses (hired by the condemnees to give their opinions about the value of the property when a portion of that property had been earlier condemned by another condemnor, MARTA) were not called to testify as to that issue at the trial of the remaining property being condemned by the DOT. This court rejected the DOT's impeachment argument, finding that the rationale in *Logan* "extends beyond the mere *substance* of the expert's opinion, and mandates the exclusion of even the fact that such experts were retained and utilized in an earlier action, but were not called by the opposing party in the instant action. *'(A)ll questions* relating to the expert's employment by the (condemnees) would be irrelevant and inadmissible . . . *Testimony as to the original employment* was not pertinent to the issues in the case and if admitted over objection would have been prejudicial and harmful to (condemnees) and on appeal by (condemnees) would have constituted grounds requiring a reversal.' . . . [Cits.]" *Wright*, supra at 337 (2).

In the case sub judice, had the two real estate appraisers, whose existence and association with appellant were in issue, been called by appellee to give their opinions about the value of the property, they could not have been questioned about their employment by appellant in this case. *Logan*, supra. Since the witnesses themselves could not have so testified, it follows that another witness for the party who employed the witnesses could not have testified to the same effect, since the evidence remains irrelevant and inadmissible regardless who testifies to it. We do not agree with appellee that a distinction should be made based on whether it is the condemnor or the condemnee who seeks to introduce such evidence. "*Neither party* to a condemnation case is bound by rejected opinions of expert witnesses employed by them to appraise realty being condemned . . . ." (Emphasis supplied.) *Logan*, supra at 493. Since testimony as to the employment of two other real estate appraisers by appellant was not pertinent to the issues in the case and was prejudicial and harmful to appellant, the trial court committed reversible error by admitting the testimony

over objection. See *Wright*, supra at 337 (2).

2. The condemnation of the .801 acre resulted in the taking of appellee's access to Mount Paran Road. Appellee testified that in her opinion the value of her property had decreased as a result of the taking of that access, based on what she had been told by "real estate people." Appellant raised a hearsay objection to this testimony and enumerates as error the overruling of its objection. No objection was made to appellee's testimony on the basis that she failed to state the facts upon which her opinion was based. See OCGA § 24-9-66. Compare *State Hwy. Dept. v. Raines*, 129 Ga. App. 123, 124-125 (1) (199 SE2d 96) (1973); *City of Alma v. Morris*, 180 Ga. App. 420, 421 (3) (349 SE2d 277) (1986). "Evidence of value is not to be excluded merely because the valuation fixed by the witness as a matter of opinion depends on hearsay, hence the testimony of the witness is not objectionable for the reason stated. Market value may rest wholly or in part upon hearsay, provided the witness has had an opportunity of forming a correct opinion. If it is based on hearsay this would go merely to its weight and would not be a ground for valid objections." (Punctuation and citations omitted.) *B & L Svc. Co. v. Gerson*, 167 Ga. App. 679, 681 (307 SE2d 262) (1983). Admission of appellee's testimony was not error for the reason asserted at trial by appellant.

3. Appellant contends the trial court erred by admitting two photographs which appellant asserts showed temporary inconvenience due to construction. The two photographs, taken shortly before trial, depicted the driveway to appellee's property and were admitted by the trial court solely to show the removal of trees by the driveway. " 'The admission of evidence is a matter which rests largely within the sound discretion of the trial judge. However, (t)he Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors.' . . . [Cit.] 'Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it. (Cits.)' [Cit.]" *Weathers v. Cowan*, 176 Ga. App. 19, 20 (1) (335 SE2d 392) (1985). See also *Department of Transp. v. Freeman*, 187 Ga. App. 883, 886 (2) (371 SE2d 887) (1988). The challenged testimony was relevant as it tended to illustrate the contested question of the value of the land taken and the consequential damages to the remainder and for that reason was competent. See generally *Gaines v. Dept. of Transp.*, 140 Ga. App. 741, 742 (2) (231 SE2d 829) (1976).

Since the two photographs were not admitted to show temporary inconvenience, and the record reveals that appellee did not seek damages for temporary inconvenience, we find no error in the trial court's refusal to charge the jury appellant's request to charge no. 2 concerning damages for the temporary period of construction. See generally

*Freeman*, supra at 885 (1).

4. In two related enumerations, appellant asserts error in the giving of one charge and the failure to give another charge relating to the widening of the lanes on Interstate 75. The record reveals that appellant widened the highway lanes on the right of way property it already owned but in the process condemned the property in the case at bar, which abutted the pre-existing right of way and which had contained vegetation shielding appellee's remaining property from the interstate highway.

On appellate review, a charge must be considered as a whole and each part in connection with every other part of the charge. *Zayre of Ga. v. Ray*, 117 Ga. App. 396, 398 (5) (160 SE2d 648) (1968). We find no error in the trial court's charge that the jury could consider "the increase in noise and dust arising from the close proximity to the remaining property of the traffic lane of the widened interstate highway abutting the remaining property" when read in context with the trial court's instruction as a whole that the noise and dust are elements reasonably affecting the value of the remaining property, because a jury is allowed to consider "all the elements reasonably affecting value" under *Wright v. MARTA*, 248 Ga. 372, 375 (283 SE2d 466) (1981). Since, as appellant notes in its brief, no part of the subject property was needed or condemned for the widening of the interstate, we find no error in the trial court's refusal to charge the jury that it should *not* consider a matter not in issue, i.e., "the use or the expanded use of the existing right of way which the [appellant] already owned." See generally *Freeman*, supra at 885 (1).

5. Finally, in regard to the trial court's failure to give appellant's request to charge no. 17, a reading of that charge reveals it included a statement regarding remote or speculative benefits. Since the issue of benefits was not raised by the evidence, the charge requested was not pertinent or adjusted to the facts of the case and the trial court did not err by failing to so instruct the jury. See generally *Sapp v. Johnson*, 184 Ga. App. 603, 605 (1) (362 SE2d 82) (1987).

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 24, 1989 —
REHEARING DENIED JUNE 2, 1989 —

*Weiner, Dwyer, Yancey & Mackin, Beryl H. Weiner, J. Matthew Dwyer, Jr., Thomas C. Dempsey*, for appellant.

*Gambrell, Clarke, Anderson & Stolz, Paul H. Anderson*, for appellee.