A02A0965. BLOUNT et al. v. CHAMBERS et al.
(572 SE2d 32)

ANDREWS, Presiding Judge.
Clint and Ruby Blount appeal from the trial court's order denying their petition for condemnation of an easement of access over the Chamberses' property. In denying the petition, the trial court found there were reasonable alternate routes by which the Blounts could access their property. We find no error and affirm.

The Blounts brought their petition for condemnation under OCGA § 44-9-40 (a), which provides that the superior court has jurisdiction to grant private ways to individuals to go to and from their property.

> In order to prove the necessity of a private way, OCGA § 44-9-40 (b) requires the condemnor to show that he has no rea-

---

sonable means of access to his property. Where the condemnor proves that he has no access to his property, i.e., that it is landlocked, he makes out a prima facie case of necessity under the statute. The burden then shifts to the condemnee to prove that the condemnor has a reasonable means of access to the property.

(Footnotes and emphasis omitted.) *Hensley v. Henry*, 246 Ga. App. 417, 419 (1) (541 SE2d 398) (2000). See also *Intl. Paper Realty Corp. v. Miller*, 255 Ga. 676, 677 (341 SE2d 445) (1986).

The standard of review of the trial court's judgment under this Code section is whether the decision of the trial court is clearly erroneous. *Hanson v. Tallant*, 265 Ga. 669, 670 (461 SE2d 225) (1995). Further, we review this claim under the "any evidence" rule and must construe the evidence in favor of upholding the judgment of the trial court. *Hensley*, supra at 419.

So construed, the evidence at the hearing on the petition for condemnation was as follows. The county tax appraiser testified that the Blounts' property was landlocked and this appears to be undisputed. The Blounts therefore made out a prima facie case of necessity and the burden shifted to the Chamberses to show that the Blounts had alternate reasonable means of access to their property.

There was testimony that there were two other routes that accessed the Blounts' property, one across the DeJarnette property and one across the Charlie Sharpe estate. Blount acknowledged that he had used these routes in the past.

Chambers stated that the distance in accessing the Blount property across DeJarnette's land was approximately 400 feet and the distance across his land was 300 feet. In addition, the access across DeJarnette's land would go through timberland, whereas if access were granted across his land, it would go through his yard. Mrs. Chambers testified at the hearing that the access road that Blount wanted to put through their property would be through their yard, would take out an oak tree, a lot of shrubbery, fruit trees, and a fence. She also testified that the road would be close to their well and house and their grandchildren could not play safely in the yard with the road so close to the house.

After hearing the evidence, the trial court found that the availability of two alternate reasonable routes, which had been in use by the public for over forty years, precluded the Blounts from seeking yet another route over the Chamberses' property. This appeal followed.

The Blounts argue on appeal that the trial court erred in concluding they had alternate routes of access. Their only support for this enumeration appears to be that they would be trespassing if

they used these alternate routes. For instance, they state that they tried to get written permission to use the route across the DeJarnette property and failed. Also, the Blounts argue that the ownership of the property in the Sharpe estate is unclear and they had no one to apply to for permission to use the route across that property.

In a case directly on point, the court rejected these arguments as being without merit. *Moore v. Dooley*, 240 Ga. 472, 474 (241 SE2d 232) (1978). In *Moore*, the court pointed out that if there were other means of access, even though they may be less convenient and even though the owner may at some time in the future close off this access, the trial court could properly hold that the two other alternate routes constituted reasonable means of access. Id. at 473-474.

After reviewing the record, we conclude that the evidence supports the trial court's findings of fact and they are not clearly erroneous. "Cases of necessity do not arise except where the way sought to be laid out is absolutely indispensable to the applicant as a means of reaching his property." (Punctuation omitted.) *Moore*, supra at 474. Here, the trial court determined that an access through the Chamberses' yard was not absolutely indispensable to the Blounts, and we agree. Therefore, because the trial court properly applied the law to these facts, there was no error.

*Judgment affirmed. Barnes, J., and Pope, Senior Appellate Judge, concur. Ruffin, P. J., disqualified.*

DECIDED OCTOBER 1, 2002.

*Thomas W. Everett*, for appellants.
Jessie M. Chambers, *pro se.*
Stella L. Chambers, *pro se.*
Barney Chambers, *pro se.*