A07A1248. DOVETAIL PROPERTIES, INC. v. HERRON et al.
(652 SE2d 856)

SMITH, Presiding Judge.

In this condemnation case governed by OCGA § 44-9-40 (b), Dovetail Properties, Inc. ("Dovetail") sought a private way of necessity over a private access easement on land owned by Michael Herron

---

and Joyce R. Drayton, in order to access a public roadway. The trial court denied Dovetail's petition for a private way based upon its conclusion that the necessity was created by "voluntary landlock." Dovetail appeals, contending that the trial court erred by: (1) denying its petition for a private way of necessity, and (2) failing to enter a default judgment in its favor. For the reasons set forth below, we reverse.

1. When reviewing a trial court's decision under OCGA § 44-9-40 (b), we must construe the evidence in favor of the trial court's ruling and can reverse the judgment of the trial court only if it is "clearly erroneous." *Blount v. Chambers*, 257 Ga. App. 663, 664 (572 SE2d 32) (2002). A prima facie case of necessity is proved under this Code section when a condemnor proves that his property is landlocked. *Dept. of Transp. v. Freeman*, 187 Ga. App. 883, 884 (1) (371 SE2d 887) (1988). "The burden of persuasion then shifts to the condemnee to prove the condemnor has a reasonable means of access to the property." (Citation and punctuation omitted.) Id. Additionally, the "necessity cannot be created by one's own voluntary action in giving up reasonable access." *Mersac, Inc. v. Nat. Hills Condo. Assn.*, 267 Ga. 493, 494 (1) (480 SE2d 16) (1997). As a result, when an owner owns two adjacent parcels, sells one, and landlocks the remaining parcel he or she owns, a private way of necessity cannot be obtained. Id. at 494-495. Knowingly purchasing landlocked property, on the other hand, does not preclude a purchaser from obtaining a private way of necessity. *Pierce v. Wise*, 282 Ga. App. 709, 712 (1) (639 SE2d 348) (2006).

In the case before us, Dovetail made out a prima facie case by proving that its property is landlocked. Herron and Drayton attempted to meet their burden of persuasion by arguing that Dovetail voluntarily landlocked itself. The record, however, shows that Dovetail did *not* voluntarily landlock itself. Instead, two adjoining parcels were owned individually by its president and owner, Joseph Daniels. When Daniels sold one of the adjoining parcels to Dovetail, he did not voluntarily landlock himself because he retained ownership over the parcel with access to a public road. Dovetail never owned both parcels; instead, it purchased property that was landlocked.

Herron and Drayton assert that we should equate Daniels's ownership of both parcels with joint ownership by Dovetail. This we cannot do. "The law of corporations is founded on the legal principle that each corporation is a separate entity, distinct and apart from its stockholders. [Cit.]" *Hickman v. Hyzer*, 261 Ga. 38, 39 (1) (401 SE2d

738) (1991).[1] Because the record does not support Herron and Drayton's contention that Dovetail voluntarily landlocked itself and there is no other evidence showing that granting the private way of necessity would be otherwise unreasonable, *Freeman*, supra, 187 Ga. App. at 885 (1),[2] the trial court erred by denying Dovetail's petition for condemnation of a private way of necessity over an existing private access easement. We therefore reverse and remand for proceedings consistent with those outlined in OCGA § 44-9-40 et seq. *Atlanta-East, Inc. v. Tate Mountain Assoc.*, 265 Ga. 742, 743 (3) (462 SE2d 613) (1995).

2. In its remaining enumeration of error, Dovetail argues the trial court erred by denying its motion for entry of default judgment against Herron and Drayton. We cannot consider this enumeration of error, however, because the trial court failed to rule on Dovetail's motion below. *Sanders v. State*, 179 Ga. App. 168, 169 (2) (345 SE2d 677) (1986) ("the contended problem cannot be made the basis of appellate review as there is no ruling to review") (citation omitted).

*Judgment reversed and case remanded. Barnes, C. J., and Miller, J., concur.*

DECIDED OCTOBER 11, 2007.

*Schreeder, Wheeler & Flint, Mark W. Forsling*, for appellant.
*Smith, Gambrell & Russell, Kathryn M. Zickert*, for appellees.

---

[1] Herron and Drayton did not argue below that the corporate form should be disregarded because Dovetail was Daniels's alter ego.

[2] The feasibility of implementing a condemnor's plans for the landlocked property is not relevant to the question of whether a private way of necessity is otherwise unreasonable. Id.